GABRIEL FEURT, Executor, Respondent, v. A. P. AMBROSE *et al.*, Appellants.

Kansas City Court of Appeals, March 4, 1889.

1. **Practice** : BURDEN OF PROOF AND OF EVIDENCE : RULE AS TO. It is well settled law that the burden of proof, which means the burden of establishing a case, remains unchangeably throughout the entire case exactly where the pleadings originally placed it ; and though the burden of evidence may during the trial be shifting from scale to scale, the burden of proof remains constantly throughout the trial on him alone who has the affirmative.

2. **Practice** : NOTE, PRIMA-FACIE CASE. A promissory note imports a consideration and raises the presumption of its validity and its introduction in evidence establishes a *prima-facie* case.

3. **Practice** : NOTE OF PARTNERSHIP EXECUTED BY PARTNER TO HIMSELF : EQUITY RULE AS TO BURDEN OF PROOF : CONFIDENTIAL RELATIONS. K., a member and financial manager of a partnership, executed the note of the firm to himself, which after his death was found among his papers ; in a suit on the note by his executor against the other members of the firm, the burden, owing to the confidential relations of partners, to make a *prima-facie* case, rested upon the plaintiff to show further, after the introduction of the note, that the firm received the proceeds of the note, and it is error to refuse instructions ( set out in the opinion ) to that effect, and to give instructions embodying the contrary view.

4. **Stare Decisis** : THE RESULT OF RETRIAL, THOUGH ERROR, SUSTAINED, WHEN. The above error in regard to instructions would work a reversal were it not the instructions seem to have been framed in accordance with the views expressed by this court when the case was here before. 23 Mo. App. 332.

5. **Practice** : JUDGMENT JOINT OR SEVERAL VS. PARTNERS. Whether the defendants are jointly or severally liable in this case is not decided since the answer tendered no such issue.

6. **Practice** : JUDGMENT AGAINST PARTNERS : RULE AS TO LIABILITY OF, WHEN ONE INSOLVENT : EQUITABLE RELIEF. When one partner is insolvent, the rule in equity is that the obligation rests upon the solvent partners in equal proportion ; but its application in this case as well as the question of whether after judgment, insolvency of one occurs, equity would protect a solvent partner, cannot be authoritatively passed upon, as they are not before the court on the pleadings.

*Appeal from the Gentry Circuit Court.*—HON. C. H. S.
GOODMAN, Judge.

AFFIRMED.

*Ed. E. Aleshire* and *Patton & Shoemaker*, for
appellants.

(1) The verdict is against the evidence. Plaintiff
failed to introduce any evidence tending to show that
the proceeds of the note in suit went into the business
of the firm, or that the firm derived any benefit there-
from. (2) The court erred in giving instruction num-
bered 1 for plaintiff. In it the jury are told that "they
ought to presume that the proceeds of said note was
used in the course of the partnership business, and they
should continue to indulge such presumption until the
contrary is shown by the defendants, by the evidence."
Pars. Part. [3 Ed.] 200–201, notes & side page ; 1 Rand.
on Commercial Paper, sec. 400. (3) The court erred in
giving instruction numbered 2, for plaintiff. It tells
the jury that "the defendants are bound to show
affirmatively by the evidence that the proceeds of the
note were never put into or used for the benefit of the
partnership." *Bogie v. Nolan,* S. C. Mo., 9 S. W.
Rep. 18 and authorities there cited. (4) The fact, that
Kimball was the treasurer and financial manager of the
partnership, kept all the cash books, and looked after
the financial affairs of the firm and kept the accounts
thereof, establishes the existence of confidential rela-
tions between Kimball and his co-partners, such as to
raise a presumption of fraud in the making of the note,
and (especially in the light of the testimony) to put
upon the plaintiff the *onus* of proving the fairness and
justice of the transaction. *Bogie v. Nolan,* S. C. Mo.,
9 S. W. Rep. 19, and authorities there cited. (5) The

court erred in refusing instruction number 3 for defendants, for reasons assigned in. 2, 3 and 4 above. The court erred in permitting the plaintiff to read the note sued on to the jury as original evidence in the case. The suit was not properly brought. Plaintiff could not declare upon this note as the joint and several note of defendants. They, as the co-partners of Kimball, were not liable to him jointly and severally on this note ; but, if liable at all, were so severally, by way of contribution for a part thereof, proportional to the number of solvent partners at the time of bringing the suit. In no case could any one of his co-partners be held liable for any greater amount on such note than was borne by Kimball himself, he being originally and equally bound with them. Pars. Part. ( 3 Ed.) secs. 286–7, side page & note.

*Hicklin & Yates*, for respondent.

(1) Appellants' chief complaint is that the court below placed the burden of that issue on them. (2) The point that there cannot be a joint and several recovery on the note is not well taken, besides it is an after-thought of the worst type, this being the first intimation of any such objection, and not being one that can be made for the first time in a court of last resort. (3) Again, the note in suit imports a consideration, and raises a presumption that it is valid. R. S. 1879, sec. 663 ; *Ins. Co. v. Smith*, 73 Mo. 370 ; *Skinner v. Skinner*, 77 Mo. 155 ; *Taylor v. Newman*, 77 Mo. 263, construing. statute. (4) It is no answer that as the company, through Kimball, gave its note to Kimball, and thereby makes the law, applicable to notes generally, inapplicable here. *Feurt v. Ambrose*, 23 Mo. App. 332. (5) In order to conduct business through the medium of partnership, good faith must be attached to the acts of each partner, and it is presumed that each partner does act fairly with his partner ; and when a dissatisfied partner attacks the acts of a partner he has this presumption

of rectitude to face and repel. *Whitaker v. Brown*, 16 Wend. 504; *Doty v. Bates*, 11 John. 543. The authority cited by appellants, *Bogie v. Noland*, 9 S. W. Rep., falls far short of its intended application in this case.

SMITH, P. J.—This case comes here by appeal from the circuit court of Gentry county where the plaintiff had judgment.

The record before us discloses that B. G. Kimball, A. P. Ambrose and F. M. Brown were engaged in the lumber business under the firm name of Ambrose, Brown & Co., with Mr. Kimball acting as the cashier and treasurer, and keeping the cash books and looking after the financial management of the firm. Upon his death the eight-hundred dollar note in controversy is found among his papers, and this suit instituted to recover two-thirds of the amount ; that this note is in the handwriting of B. G. Kimball and signed by him in the name of Ambrose, Brown & Co. and payable to himself.

The defendants, by their answer, admit the execution of the note by B. G. Kimball, and allege that there was no consideration received by the firm of Ambrose, Brown & Co., for the note and that the proceeds of the same never went into the business of the firm, and upon that issue the case was tried.

The defendants being disqualified from testifying, by reason of the death of Mr. Kimball, the only existing testimony, that can be produced as to the consideration of the note and that the proceeds of the same were used for the benefit of the firm, must come from the books kept by Mr. Kimball and in his possession at the time of his death. It further appears that the deceased Kimball, from time to time, loaned the firm large sums of money to be used in its business and that he generally entered the same on its books ; that as to whether the transaction, whatever it was, which occasioned the giving of the note of the partnership to deceased, was entered on

the firm books is involved somewhat in doubt. If there it is not very intelligible. The only question we are now called upon to decide arises on the instructions which were given and refused by the circuit court. The court gave for the plaintiff four instructions against the objections of the defendant which are as follows :

"1.  The jury are instructed that the partnership and the execution of the note is admitted by defendants. And the jury is further instructed by the court that they ought to presume that the proceeds of said note were used in the course of the partnership business, and they should continue to indulge such presumption until the contrary is shown by the defendants, by the evidence.

"2.  The jury are instructed by the court that B. G. Kimball had the right to sign and retain in his possession the note in suit, and that the note signed and retained is the note of the partnership of Ambrose, Brown & Co., and the defendants in this suit are bound to show affirmatively by the evidence that the proceeds of said note were never put into or used for the benefit of the partnership ; and, unless the defendants have so shown, the finding of the jury ought to be for the plaintiff.

"3.  If the jury find from the testimony that all other claims and demands, between the members of said firm saving this note, had been settled then plaintiff had a right to sue the other members of said partnership.

"4.  If the jury find for the plaintiff, they ought to return a verdict for plaintiff for two-thirds of the amount of the note in suit, computing interest from the date at the rate of ten per cent. per annum, with annual rests."

Of the following instructions asked by the defendant the court gave the first and second and refused the third.

"1. The court instructs the jury, on behalf of the defendants, that if they believe, from all the evidence in this case, that the plaintiff's testator, B. G. Kimball, and the defendants, A. P. Ambrose and F. M. Brown, on and prior to January 23, 1880, were engaged in the lumber business under the firm name of Ambrose, Brown & Co., and that the said B. G. Kimball was the treasurer and cashier of said co-partnership, and kept the cash books and accounts and looked after the financial affairs of said firm, and kept a cash account of all of the transactions between the said firm of Ambrose, Brown & Co., and the wholesale lumber firms with whom they traded, and that during the said partnership and at the time stated in plaintiff's petition the said B. G. Kimball wrote and signed the note in suit, payable to himself, then, unless they further believe from the testimony that the proceeds of said note were received by said Kimball and by him applied to the use of Ambrose, Brown & Co., in the lumber business, and for the benefit of said firm, they will find for the defendants.

"2. The jury, in determining this case, should take into consideration all the facts and circumstances surrounding it, and, unless they believe from the evidence that the money for which the note in controversy was given went into and was used in the business of the firm of Ambrose, Brown & Co., they will find for the defendants.

"3. The court instructs the jury that in this case it is incumbent on the plaintiff to show by a preponderance of the testimony that the money, expressed as the consideration of the note sued on went into or was used in the business of the firm."

The defendant contends that the burden of proof ought to be on the plaintiff to show that the proceeds of the note sued upon were used by or went into the business of the firm of Ambrose, Brown & Co. This, it is suggested by the counsel for the defendant, is about

the only question in the case. The plaintiff insists that this question is answered in the opinion delivered by us when the case was here on a former occasion. 23 Mo. App. 332.

It was then said "it is objected, however, that discredit sufficient to change the *onus* of proof was cast on this note from the fact of its having been executed by a member of the firm who is payee. This I think should not alter the presumption that all the paper upon which the signature of a trading firm has been put by a partner is the paper of the partnership."

The judge who delivered the opinion quotes approving from *Ihmmer v. Nigley*, 25 Pa. St. 297, these words : "The law does not require us to suspect that such paper is got up by one partner in order to defraud his co-partners, much less does it infer that fact."

With this statement of the law we are still quite content. The defendant, however, insists that the bill of exceptions shows that the deceased was the book-keeper, treasurer and financial manager of said partnership and that he therefore occupied a position of confidence and trust with respect to his co-partners and that the law, as stated in the opinion referred to, is inapplicable to such facts.

The well settled law is that "the burden of proof" which means the burden of establishing a case remains unchangeably throughout the entire case exactly where the pleadings originally placed it.

It never shifts under any circumstances whatever. When the burden is on a party in the beginning of the case it continues on him throughout the case and when the evidence is all in if he has not, by the preponderance of evidence required by law, established his claim the decision of the tribunal must be against the pleader. 1 Greenl. Ev., secs. 74–88.; 1 Whart. Ev., secs. 353–371.

Burden of proof in the sense of the burden of the

evidence may shift constantly as the evidence is introduced by one side or the other—as one scale preponderates over its fellow. But when all the evidence is in, it is legally necessary to action by the tribunal that the final balance be one way. This necessity does not at any time shift but remains constantly throughout the trial on one of the parties alone, to-wit, on him who had the affirmative. This is the burden of establishing—the burden of proof. *Crowmshield v. Crowmshield*, 2 Gray, 524; *Coven v. Choate*, 105 Mass. 451; *Ketchum v. Express Co.*, 52 Mo. 390.

The note sued upon imports a consideration and raises the presumption of validity. R. S., sec. 663; *Am. Ins. Co. v. Smith*, 73 Mo. 370; *Taylor v. Newman*, 77 Mo. 263.

And the execution of the note not having been called in question by the answer of the defendant the introduction thereof in evidence established the plaintiff's *prima-facie* case upon the issue of consideration. *Bogie v. Nolan*, 96 Mo. 85.

When the defendants adduced their evidence in rebuttal of the plaintiff's *prima-facie* case, the recovery of the plaintiff depended upon the preponderance of the evidence in favor of the proposition that the note was given for a valuable consideration. *Bogie v. Nolan, supra;* Abb. Tr. Ev. 404; *Dillon v. Barthel*, 6 Cush. 364; *Small v. Cleavly*, 62 Me. 155; *Herman v. Heard*, 62 N. Y. 448.

There is a class of cases, to which that of *Bogie v. Nolan*, has been recently added, that hold that, in the relation of principal and agent, guardian and ward, physician and patient, attorney and client and the like, equity implies a confidence, and all contracts between them to which the confidence extends requires of the party in whom the trust is imposed the highest degree of good faith, and the burden rests upon him to prove the contract was not procured by means of such confidence.

368 34 MISSOURI APPEAL REPORTS,

Feurt, Ex'r v. Ambrose.

*McClure v. Lewis,* 72 Mo. 314; *Cadwallader v. West,* 48 Mo. 483; *Garvin v. Williams,* 50 Mo. 206; *Yosti v. Laughran,* 49 Mo. 694; *Street v. Goss,* 62 Mo. 226.

These cases proceed upon the idea that in transactions between persons where such relations exist that the presumption of fraud arises and that it is in "harmony with a sound principle of public policy" that the *onus* of proving that such transactions are fair and just and that no advantage was taken of the relation, should be laid upon the person in whom the trust is reposed. If this case on its facts falls within the principle of the cases just cited, it seems that, within the rule that makes the introduction of a note in evidence establish the *prima-facie* case of the plaintiff upon the issues of consideration, the plaintiff is required to go further and primarily show that the note was founded upon a valuable consideration, that it was fair and just, and that no advantage was taken of the relation between the deceased and his co-partners.

This is an enlargement of the rule, in relation to the burden of proof, in this class of cases.

The *prima-facie* case ordinarily established by the introduction of the note in evidence will avail the plaintiff very little in a case of this class, unless he go further and make the showing we have just mentioned. In such cases the plaintiff is not entitled to recover by introducing his note in evidence and thus establishing his *prima-facie* case whether there is any countervailing evidence or not. As we understand this rule it extends to every case where the presumption of fraud arises on account of the confidential relation of the parties to the contract in issue and on trial.

If the relation of plaintiff's testator to the defendants who were his co-partners was that of confidence or trust when the note sued on was made, then this case is analogus to that of *Bogie v. Nolan* and kindred cases, and must be subject to the rule there announced in respect to the burden of proof.

In *Pomeroy v. Burton*, 57 Mo. 531, it was declared that the doctrine is well settled "that the same rules and tests are applied to the conduct of partners as are ordinarily applicable to acts of trustees, *and that the duties, functions, rights and obligations of partners may be for the most part comprehended by the same words which define those of trustees and agents.*"

In 1 Story Eq. Jur., sec. 468, it is stated that " courts of equity, adopting enlarged views in regard to the rights and duties of agents and in all cases where the duty of keeping regular accounts and vouchers is imposed upon them, will take care that the omission to do so shall not be used as a means of escaping responsibility or of *obtaining undue recompense.*"

In *Martin v. Lutkewitte*, 50 Mo. 58, it was announced that partners do not stand in the same relation to each other as ordinary litigants and that their relation is confidential, they being agents of each other. It is therefore very apparent that the relation of Kimball to the defendants, his co-partners, at the time he executed the note of the partnership to himself was that of confidence and trust, and that the case at bar is not distinguishable from *Bogie v. Nolan* when it comes to making application of the principle of practice which should govern in respect to the burden of proof.

In this view of the case the circuit court erred in its declaration of law.

Defendants make the further contention that the circuit court erred in rendering a joint judgment against them for two-thirds of the amount of said note for the reason that their liability was a several one.

Whether this was so, or not, is not necessary for us to decide since the answer tendered no such issue.

Defendants further contend that the judgment is erroneous on the ground that one of them may become insolvent before the judgment is satisfied, and in that

event the other would be compelled to pay more than his ratable share of the debt thus merged into it.

The rule in such cases is that, one of the partners being unable to discharge any part of the obligation, it must rest in equity upon the solvent partners in equal proportions. *Whitcomb v. Converse*, 119 Mass. 38; *Whitman v. Porter*, 107 Mass. 522; Sinley on Part. 789-790. If the answer of either of the defendants had disclosed the insolvency of the other, the solvent defendant would have been adjudged to pay his proportion only under the rule just stated. But no such case is before us.

It may, however, be that if one of the defendants has become insolvent since the rendition of the judgment that equity would interfere to protect the solvent defendant from the payment of more than his proportion thereof. However this may be it is sufficient to say that these questions are not probably before us for decision and for that reason we cannot authoritatively pass upon them.

The error of the circuit court in respect to the giving and refusing of instructions would be sufficient to entitle the defendants to a reversal of the judgment, were it not that these instructions seem to have been framed in accordance with the views expressed by this court when the case was here before.

We think that *in this case* the rulings there made are in effect *stare decisis*. *Hombs v. Corbin* (decided at present term).

The judgment with the concurrence of the other judges is affirmed