SYLVANUS J. BUNKER *et al.*, Appellants, v. J. J. HIBLER, Garnishee of JOHN A. DYGERT, *et al.*, Respondents.

St. Louis Court of Appeals, May 3, 1892.

1. **Garnishment:** EFFECT OF ANSWER OF GARNISHEE. The answer of the garnishee to the interrogatories exhibited in the garnishment proceeding is conclusive in his favor, unless it is overthrown by evidence on the part of the plaintiff.

Bunker v. Hibler.

2. ——: BURDEN OF PROOF: ACCOUNTING BY GARNISHEE AS AGENT OF THE PRINCIPAL DEFENDANT. *Held,* accordingly, that when the garnishee admitted in his answer a liability in a stated sum to the principal defendant, and the plaintiff, by his denial, alleged that the liability was greater, the burden of proving the truth of the latter allegation was on the plaintiff, though it appeared in evidence that the garnishee had, prior to the service of garnishment, received a greater sum as the agent of the principal defendant.

3. **Shifting of Burden of Proof**: DISTINGUISHED FROM SHIFTING OF WEIGHT OF EVIDENCE. *Held,* in the course of discussion, that the burden of proof never shifts during the trial so long as the evidence is directed to the same proposition of fact, and that a distinction is to be drawn in this respect between the shifting of the burden of proof, and the shifting of the weight or preponderance of the evidence.

4. **Practice, Appellate**: WEIGHING THE EVIDENCE IN ACTION AT LAW: CREDIBILITY OF WITNESSES. An appellate court has nothing to do with the credibility of witnesses in determining the sufficiency of the evidence to support the verdict in an action at law.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Lincoln & Lydy,* for appellants.

The creditor acquires such rights against the garnishee as the debtor possessed at the date of the garnishment. *Weil v. Tyler,* 38 Mo. 545; *McPherson v. Railroad,* 6 Mo. 103, *loc. cit.* 110–111; *Fenton v. Block, Tyler & Co.,* 10 Mo. App. 536, *loc. cit.* 539; Drake on Attachments [5 Ed.] sec. 452, and cases cited. "The issue or issues [speaking of garnishment] shall be tried as ordinary issues between plaintiff and defendant." R. S., sec. 5234. The plaintiff must prove the indebtedness in the same manner as the defendant would be compelled to do, had he sued the garnishee. *Karnes v. Pritchard,* 36 Mo. 135. A debt proved to have existed is presumed to continue unless payment is proved. 2 Best on Evidence [Morgan's Ed.] sec. 406; 2 Greenleaf on Evidence [13 Ed.] sec. 516. The burden

is always on defendant to show payment. *Yarnall v. Anderson*, 14 Mo. 619; *Wear v. Lee*, 26 Mo. App. 99, *loc. cit.* 105; *Ashbrook v. Letcher*, 41 Mo. App., *loc. cit.* 378; *Deland v. Bank*, 111 Ill. 323. Where one receives money as the agent of another, the burden is on him in an action to account therefor, to show that he repaid it to his principal or otherwise disposed of it by the latter's direction. *Young v. Powell*, 87 Mo. 128. This rule applies to bailees generally. *Read v. Railroad*, 60 Mo., *loc. cit.* 206. "The *onus* is upon him (garnishee) where the plaintiff has taken issue upon the answer after the admission that he held such funds at a period immediately or within a few weeks or even months preceding the service of the writ." Waples on Attachment & Garnishment, p. 377; *Barker v. Osborne*, 71 Me. 69; Drake on Attachment [5 Ed.] ch. 36, p. 585.

No brief filed for respondents.

THOMPSON, J.—The principal question for decision on this record relates to the burden of proof in proceedings by garnishment. The plaintiffs, who were partners, brought a suit by attachment against George Greene and John A. Dygert to recover the sum of $1,393.06. They were successful in the attachment suit. Their attachment was levied by garnishment upon the goods and chattels, rights and credits of the defendant in the hands of J. J. Hibler, and Hibler was summoned as garnishee. Hibler appeared and answered interrogatories exhibited to him, which answer was to the effect that, at the date of the service of the notice of garnishment, he had in his possession, belonging to the defendants, the sum of $956.72; that the same had been paid to him by the Lombard Investment Company for the use of the defendants; that he was not indebted to the defendants or either of them; that he did not

have either at the time when he answered or when he was summoned as garnishee, or since, any money, property, rights, effects, choses in action, or other things under his control or charge, belonging to the defendants, except as before stated. By order of the court the garnishee paid to the plaintiff the sum of $956.72, which the garnishee admitted to be in his hands, belonging to the defendants at the date of the service of the garnishment.

The plaintiffs, nevertheless, filed a denial, alleging that the garnishee was employed by the defendants as their agent to negotiate a loan for them; that he had, in August or September, 1890, effected said loan, to-wit, in about the sum of $2,600; that at said date he had received this sum for and as the agent of the defendants; that out of the proceeds of the loan he had paid to the plaintiffs $956 as aforesaid, and still had in his hands belonging to the defendants the sum of $210.75.

To this denial the garnishee filed a reply in the following language: "The said garnishee for reply to the denial of plaintiff's, the garnishee, answer says: It is not true that, at the time he was garnished, he had in his hands the sum of $1,166.75 due and belonging to defendants; that he has not now in his hands, nor did he have at the time he was garnished, the sum of $210 belonging to the defendant; that he has not now any sum of money whatever belonging to defendants; that, when he was garnished herein, he owed defendants the sum of $956.72, which he paid to plaintiff by order of the court; that he did not receive $2,600 from the Lombard Investment Company as agent of the defendants. Wherefore, he asks to be discharged."

In order to get a clearer idea of the manner in which the question for decision is raised, it should be stated that the notice of garnishment was served on the seventh of November, 1890; that in August or Septem-

ber, 1890, the defendants had employed the garnishee to procure a loan for them from the Lombard Investment Company; that he had procured such loan for them; and that the money, amounting, exclusive of his commission and the expenses, to the sum of $2,572.50, had come into the hands of the garnishee as agent of the defendants to be disbursed on their orders. The plaintiffs then gave evidence tending to show that $210 of this sum, beyond the $956.72 paid under the order of the court, remained in the hands of the garnishee undisbursed, and belonging to the defendants at the date of the notice of the garnishment; and the garnishee gave evidence tending to show that all of it had been disbursed at that time, except the sum of $956.72 which he paid to the plaintiffs under order of the court.

Such being the substance of the evidence, the court submitted the issue to the jury upon the following four instructions, the first two given at the request of the plaintiffs and the remaining two at the request of the garnishee: "You are the sole judges of the weight of the evidence and of the credibility of the witnesses, and in determining the amount of credibility to be given to the testimony of any witness you may take into consideration the interest of said witness or witnesses in the result of this cause.

"The court instructs the jury that the only issue for them to determine in this proceeding is to determine from the evidence in the case what amount of money belonging to defendants, Green and Dygert, was in the hands of this garnishee, J. J. Hibler, at the time of his garnishment herein, to-wit, the seventh day of November, 1890, 9:40 o'clock A. M., and from that amount, if you find the same to exceed the sum of $956.72, subtract said $956.72, and render your verdict for the difference in favor of plaintiffs.

"The court instructs the jury that the defendant Hibler having answered under oath to the garnishment in this cause, and having paid the sum of $956.72 into court, it now devolves on the plaintiffs to prove by the weight of testimony that the defendant at the time he was garnished had in his hands a greater sum than $956.72, and, unless plaintiffs have done so, you will find for the defendant, the garnishee.

"Unless the jury believe from the evidence that, at the time Hibler was summoned as garnishee in this case, he had in his hands a greater sum than $956.72 belonging to Green and Dygert, they will find for the defendant, and the burden of proving he had a greater amount than this devolves on plaintiffs."

And the court refused the following instructions requested by the plaintiffs, and they excepted: "The court instructs the jury, if you believe from the evidence that J. J. Hibler was and is the agent of George Green and John A. Dygert, then it devolved upon him to show that he has paid out all of their money at their request."

The plaintiffs also excepted to the two instructions given at the request of the garnishee.

The jury having returned a verdict for the garnishee, and the court having refused a new trial, the plaintiffs appeal to this court and assign for error that the court refused this instruction requested by them and gave the two instructions requested by the garnishee. These assignments of error were based upon the proposition that, as it appeared that a larger sum of money had, a short time prior to the service of the garnishment, come into the hands of the garnishee than the sum which he had admitted to have in his hands belonging to the defendants and which he paid over under order of the court, the burden was upon him to show that, by disbursements or otherwise, under the

orders of the defendants, he had acquitted himself of all their moneys except the sum which he admitted to be due, and which he paid into court. In support of this proposition counsel for the plaintiffs appeal to several well-known propositions. One of these is that in an action to recover a debt, where the defendant alleges his payment of the debt, the burden is upon him to prove payment. Another is that where the defendant, who has received money as the agent of the plaintiff, is sued by plaintiff for such money, the burden is upon him to account for the same, by showing that he has repaid it to the plaintiff, or that he has otherwise disposed of it by the latter's directions. *Young v. Powell*, 87 Mo. 128. Another is that the burden is upon the bailee to account to his bailor for the thing bailed. These propositions are not controverted; but, in the applications which counsel for the plaintiffs seek to make of them, they overlook certain fundamental principles relating to the burden of proof. One of these principles is that the burden of proof, in a civil action, is fixed by the frame of the pleadings; that is, by the papers issued and by subsequent admissions of record. Another is that the burden of proof, when thus affixed, never shifts during the trial, so long as the evidence is directed to the same proposition of fact. *Feurt v. Ambrose*, 34 Mo. App. 366; *McCartney v. Ins. Co.*, 45 Mo. App. 379. The leading case affirming this proposition is *Powers v. Russell*, 13 Pick. 69, 76, where the opinion was given by Chief Justice SHAW. The following cases also state and illustrate it: *Tourtellot v. Rosebrook*, 11 Metc. 460; *Morrison v. Clark*, 7 Cush. 213; *Tarbox v. Steamboat Co.*, 50 Me. 345; *Central Bridge Corp. v. Butner*, 2 Gray, 130, 132; *Sperry v. Wilcox*, 1 Metc. 270; *State v. Flye*, 26 Me. 312; *Bloomfield v. Smith*, 1 Mees. & W. 542. These cases point out a distinction which is often over-

looked, between the shifting of the burden of proof and the shifting of weight or preponderance of evidence during a trial. .The preponderance of evidence may, in the course of a judicial trial, shift several times from side to side; but this is a matter which can never be disclosed upon the face of the record or judicially known, for it is a matter resting exclusively in the opinion of the jury, who are to determine the credibility of the witnesses.

To illustrate this distinction between the shifting of the burden of proof and the shifting of the preponderance of evidence, let us take the common case of an action of trover by a bailor against a bailee. The plaintiff gives evidence tending to show the bailment, a demand for a restoration of the thing bailed and a refusal of the demand. He then rests. This does not shift the burden of proof, as is often loosely said even in judicial opinion; it merely shifts the preponderance of evidence, and casts upon the defendant the danger of losing his defense, unless he rebuts the evidence. It does not follow as a conclusion of law that the plaintiff is, in such a case, entitled to a recovery even though the defendant gives no countervailing evidence; since the jurors, who are the judges of the credibility of the plaintiff's witnesses, may choose to disbelieve them. The true theory is that the burden of proof does not shift in the course of a judicial trial until the proposition of fact which is affirmed by the party originally sustaining the burden of proof becomes established in such a sense that it ceases to be controverted upon the record, but is established in a sense as a mere conclusion of law. It is perhaps choosing too strong an expression to say, as was said by the Kansas City Court of Appeals in *Feurt v. Ambrose, supra,* that the burden of proof never shifts under any circumstances whatever. For instance, where the plaintiff sustains the burden of proof the

defendant may see fit, after having heard the plaintiff's evidence at any stage of the trial, to admit upon the record the proposition of fact which the plaintiff affirms; and this will undoubtedly shift the burden of proof, because the court would then be authorized to direct the jury to find that such facts had been established. So, if in such a case, after the plaintiff has put in all this evidence, the defendant himself takes the witness stand, and on oath states or admits the proposition of fact contended for by the plaintiff, this, it may be conceded, will shift the burden of proof and cast upon him the *onus* of avoiding it.

It has always been the law in this state that the answer of a garnishee, made as it must be under oath, is evidence in his own favor. *Davis v. Knapp*, 8 Mo. 657; *McEvoy v. Lane*, 9 Mo. 48; *Quarles v. Porter*, 12 Mo. 76; *Smith v. Heidecker*, 39 Mo. 157. It is, moreover, conclusive evidence in favor of the garnishee, unless it is overthrown by evidence on the part of the garnishing creditor. *Holton v. Railroad*, 50 Mo. 151; *Reinhart v. Soap Co.*, 33 Mo. App. 24. If the garnishee in his answer does not admit the indebtedness, the garnishing creditor must by a denial raise a triable issue. *McCause v. McClure*, 38 Mo. 410. This issue is not raised by the interrogatories and the answer of the garnishee; but it can only be raised by a denial of the answer by the garnishing creditor and a reply thereto by the garnishee. *Brown v. Gummersell*, 30 Mo. App. 341. Interrogatories and the answer are merely preliminary to the framing of this issue. This denial of the answer by the garnishing creditor stands in the place of the petition of the plaintiff in an ordinary action at law. *Union Bank v. Dillon*, 75 Mo. 380; *Groschke v. Bardenheimer*, 15 Mo. App. 353. It necessarily follows from these statements of legal doctrine that the burden of proof is upon the garnishing creditor; for, in order to

determine the initial burden of proof in any case, it is only necessary to consider which party would be entitled to invoke the judgment of the court if no evidence at all were introduced; and we have seen that, if no evidence is introduced to overthrow the answer of the garnishee, it is conclusive in his favor, and he is entitled to invoke the judgment of the court in his favor and be discharged. This is not only our law in Missouri, but it is the general law. It is stated by a recent meritorious treatise that "the presumption is not in favor of the plaintiff on a question between him and the garnishee, whether the latter has assets of defendant in his hands. The *onus* is upon the plaintiff." Waples on Attachment & Garnishment, p. 376, citing many cases.

If the garnishee had, either in his answer or in his reply to the denial, admitted that, in a recent period prior to the service of the garnishment, he had received a larger sum for and on account of the defendants than the sum which he paid over on the order of the court, then it may be conceded that the burden would have been on him to show that he had disbursed such moneys for or on the orders of the defendants. Such was the ruling in *Parker v. Osborne*, 71 Me. 69, where the garnishee made a similar admission in his "disclosure," which under the system in Maine corresponds to the answer under our system. But the garnishee in this case made no such admission, either in his answer or in his reply to plaintiff's denial, but in his reply he denied the plaintiff's allegations on the point. There is no sound legal conception, then, upon which it can be held that the burden of proof rested upon him to show in what manner he disbursed the money which he had received as the agent of the defendant, until, when he took the witness stand after the plaintiff's evidence was

all in, he admitted that he had received for the defendants as their agent the sum already stated. It may be that, when he made that admission, it was conclusive against him for every purpose of the trial, and that it had the effect, under principles already stated, of shifting the burden of proof upon him so as to require him to show by a preponderance of evidence that he had disbursed the moneys for or under the orders of authority of the defendants prior to the service of the garnishment, except the amount which he confessed and paid into court. If an instruction had been drawn in apt form explaining this principle to the jury, and informing them that it became necessary for the garnishee to show by a preponderance of evidence that he had paid out all of the money of the defendants at their request aside from what he paid into court, we are not prepared to say that the court would have been justified in refusing it.

Upon the other proposition, that the verdict is unsupported by the evidence, it is sufficient to say that, although the evidence may have preponderated in respect of its credibility in favor of the plaintiff,—a matter with which an appellate court has nothing to do in a case at law,—yet the jury could not have found for the plaintiff without discrediting the testimony of the garnishee.

Finding no error in the record, it is ordered that the judgment be affirmed. All the judges concur; Judge BIGGS in the result only.