HOLTEN-WARREN LUMBER COMPANY, Appellant, v.
WALTER J. MILLER, Respondent.

Kansas City Court of Appeals, January 20, 1896.

1. **Trial Practice:** INSTRUCTIONS AS TO VERDICT: APPELLANT'S DUTY.
An instruction in a case of cross demands as to striking a balance
and the form of a verdict, is examined by the court and approved;
and it is *held* that if appellant desired a more definite verdict, he
should have asked an instruction setting out in detail what he wished
the jury to find in their verdict.

2. ———: INSTRUCTIONS: HARMLESS ERROR. Certain instructions,
though calculated to mislead the jury if considered alone, are *held*
harmless when taken in connection with other instructions in the
case.

3. **Sales:** DAMAGED HAY: BURDEN OF PROOF. In an action to recover
damages for rotten hay sold plaintiff, it is incumbent upon him to
show affirmatively that the hay was in a bad condition at the time
when, and at the place where, it was sold and delivered, since the
petition alleged and the answer denied its damaged condition when
sold and delivered.

4. **Appellate Practice:** EVIDENCE: SPECIFIC ASSIGNMENT. An ap-
pellate court will not, on general complaints of the admission of
incompetent and immaterial evidence, go through the record to pass
upon the admission and rejection of evidence; its attention must be
called to specific rulings relied upon by the appellant.

*Appeal from the Barton Circuit Court.*—HON. DANIEL
P. STRATTON, Judge.

AFFIRMED.

STATEMENT OF THE CASE BY GILL, J.

In 1888 and 1889 plaintiffs were engaged in the
hay and grain business at Seymour, Missouri, and
defendant was engaged in the same business at Lamar,
Missouri. During those two years plaintiffs bought

large quantities of hay from defendant, which was always delivered to plaintiffs f. o. b. (free on board) the cars at point of shipment, in Barton county, Missouri, and shipped according to directions given by plaintiffs, sometimes to one point and sometimes to others. Payments therefor were made by plaintiffs upon receipt of invoices, except that three car loads from among the last shipments were never paid for at all. In August, 1893, plaintiffs instituted this suit in the circuit court of Barton county, claiming damages on account of bad hay alleged to have been in eight cars of the hay which had, in February, 1889, been shipped by defendant to plaintiffs. One of these eight cars was shipped to plaintiffs at Seymour, Missouri. The other seven were shipped to plaintiffs at Hot Springs, Arkansas. Of the seven which went to Hot Springs plaintiffs sold one to a man by the name of Boreland, and the other six were by plaintiffs sold to Williams & McCafferty.

Defendant filed answer, denying the allegations in plaintiffs' petition; and also set up a counterclaim for $143.10, being the purchase price of the three cars first above mentioned. During the trial, the testimony showed conclusively and without dispute, that in 1889 plaintiffs and defendant had agreed that $26.21 should be credited to plaintiffs on account of bad hay reported to have been in the car sold to Boreland. Also, during the trial, it was shown by the testimony, conclusively, and without dispute, that the purchase price of the three cars sued for in defendant's counterclaim, was $143.10, and that it had never been paid. It being conclusively established that defendant owed plaintiffs $26.21 on account of the hay sold to Boreland, and that plaintiffs owed defendant for the three cars of hay which had not been paid for, the only issues of fact remaining were, whether or not plaintiffs were entitled to any dam-

ages on the car of hay shipped to plaintiffs at Seymour, Missouri, and the six cars shipped to Hot Springs and sold to Williams & McCafferty; and if so, how much.

There was testimony tending to show that the said seven cars contained some bad hay on arriving at destination; and there was also testimony tending to show that there was no bad hay in any of the cars when loaded and shipped. The six cars sold to Williams & McCafferty were transferred into different cars two different times while *en route*—once at Little Rock, Arkansas, and once at Malvern, Arkansas—the second time being from broad gauge to narrow gauge cars, so that it took eighteen small cars to hold the six cars originally shipped.

This main issue as to the condition of the hay was submitted to the jury by the evidence and in the instructions of the court. The court gave the jury a peremptory instruction to allow plaintiffs $26.21 on account of the car sold to Boreland; and in another instruction told the jury to strike a balance between the amount they should find due the plaintiffs on their petition, and the amount they should find due to defendant on his counterclaim, and render a verdict for the difference; and if there should be no difference, they should simply find a verdict in favor of the defendant, without stating any amount.

The foregoing statement of the case is taken substantially from defendant's brief. We find it a fair presentation of the facts as shown by the record.

The jury found for the defendant, mentioning no amount, and from a judgment in accordance therewith plaintiffs have appealed.

*Thos. A. Warren* and *Cole & Burnett* for appellant.

(1) An instruction which singles out particular facts and declares that, as a matter of law, if such facts

are established the jury shall give their verdict accordingly, is erroneous. *Sullivan Case*, 88 Mo. 169; *Fink v. Phelps*, 30 Mo. App. 434; *Chappell v. Allen*, 38 Mo. 213; *Rose v. Spies*, 44 Mo. 20; *Sigerson v. Pomeroy*, 13 Mo. 620; *Bank v. Currie*, 44 Mo. 91; *Sheedy v. Streeter*, 70 Mo. 684; *Stocker v. Green*, 94 Mo. 280. (2) Where two instructions are inconsistent and conflicting it can not be told which the jury took for their guide. *State v. Herrell*, 97 Mo. 105; *Billups v. Daggs*, 38 Mo. App. 367. Defendant's second instruction is also at rank war with plaintiffs' third, and is on the same footing as defendant's third, in that respect. (3) Defendant's third instruction is fatal error for the further reason that under the contract and understanding upon which these shipments were made, if the hay at destination checked short in weight, or if poor quality was reported, defendant's account was to be charged accordingly. (4) Defendant's fifth instruction is erroneous, though on first blush it may seem proper. It is not "an instruction on any point of law arising in the the cause," provided for by the laws of this state. R. S. 1889, sec. 2188. It is generally understood that parties to a cause are entitled to know what the finding of the jury is upon a cause of action pleaded and tried. The party who prevails in a civil action shall recover his costs. R. S. 1889, sec. 2920. Did the jury find in this case that there was "something due plaintiffs on their petition" and did they in so far prevail? Or did the jury find for the defendant on his instruction number 2, or on his instruction number 3? (5) To exclude the evidence of a competent witness on a material and contested issue, on a trial before a jury, is reversible error. *Budd v. Hoffheimer*, 52 Mo. *loc. cit.* 305, 306; *Lane v. Kingsberry*, 11 Mo. 402–409; *Platte Co. v. Marshall Greene & Burns*, 10 Mo. 345–348; 12 Barb. 385; 10 Barb. 315.

*H. C. Timmonds* for respondent.

(1)  Instructions should be read and construed together; and appellate courts always indulge in the presumption that the jury, before making up their verdict, have read all the instructions given by the court; and they also give the jury credit for some intelligence. *Voegeli v. Marble Co.*, 56 Mo. App. 678; *Easley v. Railroad*, 113 Mo. 236; *Burdoin v. Town of Trenton*, 116 Mo. 358. (2)  Plaintiffs' next contention is, that defendant's instruction number 3 is a fatal error. This instruction was given on the theory that the sale was a completed one when the hay was delivered to plaintiffs on board the cars, and shipped according to their directions.  That was the theory adopted by both parties to the suit; and it is embodied in plaintiffs' instruction number 1.  And no contrary or different theory is presented in any of the instructions asked for by plaintiffs.  *Singer v. Dickneite*, 51 Mo. App. 245; *Scott v. Nevada*, 56 Mo. App. 189; *Querback v. Arnold*, 55 Mo. App. 286.  (3)  Appellants' next contention is that defendant's fifth instruction is erroneous; because it is not "an instruction on any point of law arising in the cause."  There being a claim for damages on one side, and a counterclaim on the other, the only correct method of arriving at a legal verdict would be that indicated in the instruction.  (4)  Appellants next complain because the court refused their fifth instruction.  That instruction is not the law.  The burden of proof does not shift in the course of a judicial trial, until the proposition of fact which is affirmed by the party originally sustaining the burden becomes established in such sense that it ceases to be controverted upon the record; that is, becomes established as a conclusion of law.  *Bunker v. Hibler*, 49 Mo. App. 536; *Norton v. Paxton*, 110 Mo. 456; *Maddox v. Maddox*, 114

Mo. 35. (5) Appellants next (under their second point) lay down the legal proposition that the exclusion of competent and material evidence is reversible error. But neither in their assignment of errors, nor in their points and authorities, do they point out wherein this abstract proposition of law has any applicability to this case. This must be disregarded. Rule 17 of K. C. court of appeals; *Giboney v. Ins. Co.*, 48 Mo. App. 185; *Honeycutt v. Railroad*, 40 Mo. App. 674.

GILL, J.—The main, if not the sole, reasons urged for reversal relate to the court's instructions. Some of these, too, are subject to technical criticism, which we will notice later on. But we do not think the objections of sufficient importance to justify a reversal of the judgment. As will be seen from the foregoing statement, each party made claims against the other— the plaintiffs seeking to recover damages on account of eight car loads of spoiled hay which they had bought from defendant and paid for as *good* hay; while defendant denied the hay was bad and set up an adverse claim for three car loads of hay, which he had delivered to plaintiffs and which had not been paid for. It was admitted during the trial that one car of the hay was imperfect and that the parties had agreed that plaintiffs should be allowed $26.21 on that account. It seems, too, conceded that plaintiffs had acquired from defendant three other car loads of hay, which had not been paid for and which, if of a good quality, was worth $143.10. So that, indeed, the controverted issues were narrowed down to this: Was the hay contained in the seven car loads (and which the defendant sold to plaintiffs) inferior or worthless at the time? If so, then plaintiffs should have been allowed, in the settlement of the accounts, more or less according to

the condition of the hay. And if this sum, together with the $26.21 admitted, exceeded what defendant was entitled to for the three car loads not paid for, then plaintiffs should have had a verdict. On the other hand, if the hay contained in the seven cars was of good quality when delivered, then plaintiffs would have nothing to their credit except the $26.21; and if this was found less than what was due defendant for the three cars sold to plaintiffs, but not paid for, then defendant was entitled to a verdict for the difference. If these amounts should be equal, then defendant should have had a verdict merely acquitting him of any further liability. The court, then, properly gave defendant's instruction number 5, reading as follows:

"If you should find any sum due to plaintiffs on their petition, and should also find something due to defendant on his counterclaim, you will strike a balance between the two and render a verdict for the difference, if there shall be any difference; and if there shall be no difference, then you will simply find a verdict in favor of the defendant without stating any amount."

We notice plaintiffs' objections to this instruction, as set out in their brief, but think they are not well taken. If plaintiffs desired a more definite verdict, setting out in detail just what the jury should find on each particular matter in issue, then they should have asked an instruction to that effect. The jury evidently concluded that the hay was, to some extent, inferior, but in their judgment the defendant had made this up by furnishing to the plaintiffs the three car loads of other hay; in other words, they set off one claim against the other, finding them to be of the same amount. That was a matter for their sole determination; there was evidence to justify such a finding, and that concludes us.

By plaintiffs' instruction number 3, the jury was peremptorily instructed to allow plaintiffs $26.21 for the car of hay admitted to be inferior (and as was agreed on by the parties); and yet, in instructions given at defendant's request, the court seems to have ignored this agreed damage and left the jury to give defendant a verdict if they should find that the hay was of good quality. These instructions (numbers 2 and 3 for defendant) were not drawn as they should have been, and the court ought to have so modified them as that they would not appear in the light of directing a verdict for defendant on so narrow a consideration of the evidence. They were possibly calculated to mislead the jury, if considered alone. But in view of other instructions which, it seems, placed fully and completely all the facts before the jury, particularly instruction number 5 above quoted, we feel constrained to hold that the foregoing error was harmless. And for that matter, plaintiffs' instruction number 1 is subject to the same criticism. In that, plaintiffs had the court tell the jury that they should recover and that a verdict should be returned for them, conditioned only that the jury find that the hay was rotten, damaged, or short in weight, eliminating altogether any claim the defendant might be entitled to on his counterclaim.

In the matter of the burden of proof, the trial court refused the following instruction asked by plaintiffs:

"Number 5. If the jury believe from the evidence that the seven cars of hay when it arrived at Hot Springs, Arkansas, and the one car of hay when it arrived at Seymour, Missouri, were in a damaged condition, then they will find that the said hay was in a damaged condition when it left Barton county, unless the defendant has shown by a preponderance of evi-

dence that the same was damaged while being conveyed to its destination.''

The court properly rejected this instruction. In order to recover, it was incumbent on plaintiffs to show affirmatively that the hay was in bad condition at the time when, and place where, it was sold and delivered to plaintiffs. This was in Barton county, Missouri, and some time before it arrived in Hot Springs, Arkansas. The state of the pleadings fixed the burden of proof. The petition alleged, and the answer denied, that the hay was in a bad and damaged condition when sold and delivered to the plaintiffs by the defendant. The plaintiffs were bound to affirmatively establish this allegation by a preponderance of the evidence or fail in their suit. Nor did such *onus*, at any time, shift from the plaintiffs to the defendant. *Feurt v. Ambrose,* 34 Mo. App. 360; *Bunker v. Hibler*, 49 Mo. App. 536.

It is further assigned as error, that the court erred in excluding legal, competent, and material evidence offered by plaintiffs, and erred in admitting improper evidence. But counsel in their brief, or assignment of errors, fail to point out any particular ruling of which they complain. We must, therefore, disregard this assignment. It has been repeatedly declared by the appellate courts of this state, that they will not, on such general complaints go through the record, sift out and pass upon a great variety of rulings at the trial, on the admission or rejection of evidence. If it is desired to have such questions passed on, the appellant must, in the brief or assignment of errors, call attention to the specific rulings relied on and complained of.

Discovering no error in the record, which, in our opinion, was prejudicial to the plaintiffs, the judgment will be affirmed. All concur.