JOHN P. HAX, Appellant, v. ACME CEMENT PLASTER COMPANY, Garnishee of S. A. WALKER, Defendant, Respondent.

### Kansas City Court of Appeals, January 8, 1900.

1. **Garnishment; PLEADING: PETITION: DENIAL.** In garnishment the denial of the answer by the plaintiff stands in the place of the petition in an ordinary action and no issues are raised by the interrogatories and answer.

2. ——: ——: **ADMISSION: ASSIGNMENT.** Where a denial admits an assignment and assails its validity on the ground of fraud, the issue is whether the assignment was fraudulent, and the burden of proof is on the plaintiff; and if there is no evidence controverting the answer of the garnishee, it is conclusive; and in this case an assignment is held valid and free from fraud.

3. Wages: ASSIGNMENT OF: PUBLIC POLICY. An assignment of wages to be earned under an existing contract of employment made in good faith and for valuable consideration is valid, and it is immaterial that the assignor works from day to day and for no specified time.

4. ———: ———: EQUITY: EXPECTANCY. In equity an assignment of wages that are a mere expectancy or possibility is valid as an agreement to assign; and when such wages are earned and in fact paid to the assignee, the transaction is valid and binding.

5. ———: ———: ACCEPTANCE: CONTINUANCE: GARNISHMENT. An assignment "of all claims and demands which I now have and which I may have at any time between the date hereof and July, 1899," which is accepted by the employer of the assignor without reference to any particular contract, attaches to all the earnings of the assignor during his continuous service for the employer; and the assignor's creditors stand in his shoes and have no greater rights to the assigned wages than he, and the service of garnishment on the employer did not suspend the assignee's right to the assigned wages.

Appeal from the Buchanan Circuit Court.—*Hon. W. K. James*, Judge.

AFFIRMED.

*James W. Boyd* for appellant.

(1) An assignment of wages before the assignor has entered into any contract under wihch he hopes to earn them, is too vague and uncertain to be sustained; is against public policy, and is void as against attaching creditors. Eagan v. Luby, 133 Mass. 543; Herbert v. Bronson, 125 Mass. 475; Mullhall v. Quin, 1 Gray 105; Hartley v. Tapley, 2 Gray 565; Edward v. Peterson, 80 Me. 367; Rood on Garnishment, sec. 73; Railroad Co. v. Woodring, 116 Pa. St. 513; Jones on Chattel Mortgages, sec. 144; Neuman v. Calumet Co., 57 Mich. 97. The court committed error in permitting the respondent to introduce its evidence before the appellants

closed their case. (2) Under the pleadings in the case appellants are entitled to judgment against the respondent, because in the respondent's answer it admits that on or about the twenty-second day of November, 1897, there did become due from it to S. A. Walker the sum of $912.50. It is no defense in this case to say that the garnishee paid said sum under an assignment to Martha Walker, because it is admitted in the answer that it became due to S. A. Walker on November 22, 1897.

*Johnson, Rusk & Stringfellow, Ben. J. Woodson, Frank Hagerman* and *Willard P. Hall* for respondent.

(1) The assignment by Walker to his mother of compensation to be earned by him in the future, whether the contract of employment was then in existence or not, was good in equity and therefore binding alike upon Walker and his creditors. 2 Ency. of Law [2 Ed.], 1032; Page v. Gardner, 20 Mo. 511; Thompson v. Foerstel, 10 Mo. App. 299-300; Schubert v. Herzberg, 65 Mo. App. 585; Mitchell v. Winslow, 2 Story, 630; Field v. City of New York, 6 N. Y. 179. (2) The assignment here was valid for the additional reason that there was at the time a subsisting contract between Walker and the cement company. Dolan v. Hughes, 40 Atl. Rep. (R. I.), 344; Wellborn v. Buck, 21 So. Rep. (Ala.) 786; Metcalf v. Kincaid, 54 N. W. Rep. (Ia.), 867; 2 Ency. of Law [2 Ed.], 1031; 4 Century Digest, p. 1149, par. 20. (3) The assignment was valid at law as well as in equity for the reason that immediately upon its execution it was presented to and accepted by the cement company. Wellborn v. Buck, 21 So. Rep. 786; Metcalf v. Keene, 54 N. W. Rep. 867. (4) No rights of third parties have intervened in this case. Schubert v. Herzberg, 65 Mo. App. 586.

SMITH, P. J.—The Acme Cement Plaster Company—a corporation—was garnished on an execution which was issued on a judgment in favor of Hax and other creditors against S. A. Walker.

The garnishee, in answer to the fifth interrogatory exhibited against him by the creditors, stated that, "the defendant, S. A. Walker, at the time of the service of the garnishment was and now is in the employment of the garnishee, receiving as compensation for his services a salary of four thousand dollars ($4,000) per annum, payable monthly in advance, and in addition thereto five (5) per cent of the net earnings of the garnishee. The defendant is a resident of St. Joseph, and is a married man and the head of a family. The garnishee has paid the fixed compensation payable monthly as aforesaid as it became due and payable to the said S. A. Walker, and there is nothing now due or owing to him on account thereof.

"The defendant at or about the time of his employment by the garnishee and long before the service of garnishment in this case assigned that portion of his compensation covered by the five (5) per cent of the net profits of the garnishee for value and in writing to Martha Walker, who presented the said assignment to the garnishee and demanded payment of the said portion of the compensation included therein, and the garnishee has since then paid that portion of said defendant's compensation as it accrued and became due and payable to the said assignee, Martha Walker. This garnishee did not owe the said defendant anything on account of the compensation covered by said assignment at the time of the service of the garnishment, but afterwards on or about the twenty-second day of November, 1897, there became due to him on account thereof the sum of nine hundred and twelve dollars and fifty cents ($912.50), which sum on said day the garnishee paid by virtue of said assignment to the said Martha Walker,

and there is nothing now owing by the garnishee to the said defendant on any account whatever."

The creditors, in their denial, controverted generally the answer of the garnishee, and then specially alleged the pretended assignment of the five per cent earnings of the garnishee was made, if made at all, with the design and purpose, on the part of the defendant and Martha Walker, the assignee, of hindering, delaying and defrauding the creditors in the collection of their indebtedness against defendant, and of which fraudulent intent and purpose the garnishee had knowledge; and to that extent it colluded with defendant, and said assignee, to defraud the creditors of the defendant. The reply was a general denial.

Under our practice, the denial of the answer by the creditors stands in the place of the petition in an ordinary action at law. Bank v. Dillon, 75 Mo. 380; Bunker v. Hibler, 49 Mo. App. 536. The issue is not raised by the interrogatories and answer of the garnishee, but by the denial of the answer and reply thereto. The interrogatories and answer are merely preliminary to the framing of the issue.

The denial in this case, in effect, admits the assignment but assails its validity on the ground of fraud and collusion. Bauer v. Wagner, 39 Mo. 385; Nelson v. Brodhack, 44 Mo. 596. The issue thus made was whether or not the assignment was fraudulent as to the creditors. The burden of proof was on the creditors. If no evidence was introduced to overthrow the answer of the garnishee, it was conclusive in his favor. Bunker v. Hibler, *supra*; Waples on Attach. & Gar. 376.

But whether the assignment was admitted or not by the denial seems of no moment now, since it was introduced in evidence at the trial. The undisputed evidence disclosed that the defendant, at the time of the service of the garnishment, was, under a previously made contract with the garnishee, receiving a salary of four thousand dollars per annum for his services, payable monthly in advance, together with five

per cent commission of the net profits of the business of the garnishee, for the then current year which ended in November. It was further disclosed by the evidence that at the end of the year there was due the defendant, on account of said commission, the sum of $912.50.

The assignment already referred to recited that in consideration of the indebtedness of the defendant to the said Martha Walker—evidenced by a note in the sum of $40,000, dated March 1, 1890, due ten years after date, payable to H. T. Walker and by him assigned to the said Martha Walker and executed by the defendant and J. W. Walker—the defendant assigned to the said Martha Walker all claims and demands that he then had, or might at any time have between the date thereof—July 20, 1896—and the first day of July, 1899, against the garnishee for money due, and for all sums of money and demands which at any time between the date thereof and July 1, 1899, might become due him for services as manager of the garnishee company, except the sum of $4,000 which the garnishee company had agreed to pay defendant as a fixed and certain salary. It further recited that, the said Martha Walker was appointed as the attorney in fact of the defendant to collect said five per cent commission from the garnishee, receipt therefor, etc. There was an acceptance of the assignment by the garnishee indorsed thereon, dated July 20, 1896, and signed by W. A. P. McDonald, president. It further appears that the said sum of $912.50, the amount of the five per cent commissions, to which the defendant was entitled in November, 1897, under said agreement with the garnishee, was paid by said garnishee to the said Martha Walker.

There was no evidence adduced tending in the least to impeach the *bona fides* of the indebtedness which constituted the consideration for the assignment. The integrity of the transaction between the defendant and the said Martha Walker and that between the defendant and garnishee was

impugned by no evidence that we have been able to find in the
record. The answer of the garnishee was evidence in his
favor, even in regard to all the affirmative facts stated therein
by way of avoidance. Holton v. Railway, 50 Mo. 151;
Walker v. Fairbanks, 55 Mo. App. 478. Hence it was in-
cumbent on the creditors to prove that the assignment was
fraudulent, in order to avoid its force and effect. It is undis-
puted that the assignment was made to secure a *bona fide*
debt due by the defendant to Mrs. Walker. The assignment
is little more than an order of the defendant on the garnishee
to pay to Mrs. Walker whatever amount of five per cent com-
missions that might annually become due the defendant, in
part payment for his services as general manager. This order
was accepted by the garnishee and there is nothing shown in
respect thereto that in any way impairs its efficacy. The pay-
ment, so far as disclosed by the evidence, was in no wise
fraudulent. The whole transaction was a *bona fide* prefer-
ence, of which, under our law, no one has a right to complain.

Indeed, it would seem from the brief of the creditors that
they do not so much rely upon fraud to avoid the assignment
as they do upon the ground that it is vague, uncertain and in
contravention of public policy. Whether or not the last of
the two grounds upon which the validity of the assignment is
questioned is covered by the issues made by the pleadings we
need not stop to consider, since both parties, in their briefs,
seem to have so regarded it.

On January 1, 1895, the defendant entered into the
contract of employment with garnishee hereinbefore referred
to, which was extended or renewed on the first day of Jan-
uary, 1895 and again in 1896. The contract therefore under
which the wages in question were earned is a renewal or
extension of that in existence when the assignment was made.
The defendant's employment was continued under what was in
effect the same contract that was in existence when the as-
signment was made. It has been held in Connecticut, Iowa,

Maine, Maryland, Massachusetts, Michigan, New Hampshire, Vermont and Wisconsin, that an assignment of wages or salary to be earned under an existing contract of employment made in good faith and for a valuable consideration, is valid. 2 Am. and Eng. Ency. of Law, 1031, note 2. And in such case it is immaterial that the assignor works from day to day, and is hired for no specified time; Taylor v. Lynch, 5 Gray (Mass.) 49; or that he works by the piece and his wages per month vary; Hartley v. Tapley, 2 Gray (Mass.) 565; or that he is removable at any time; Brackett v. Blake, 7 Met. (Mass.) 335. These cases, as said in Emerson v. Railway, 67 Maine, 392, were decided upon legal and not equitable rules.

It has been held that the mere expectation of earning money can not, in the absence of any contract on which to found such expectation, be assigned. 2 Am. and Eng. Ency. of Law, 1032, note 5, and cases there cited. It is common learning in the law that a man can not grant or charge that which he hath not. Looker v. Peckwell, 9 Vroom. 253. But the reason that it may be different in equity is not that a man conveys *in presenti* what does not exist, but that which is in form a conveyance operates in equity by way of present contract merely, to take effect and attach to the things assigned as soon as they come into *esse*, to be regarded before that time as only an agreement to convey, and after that time as a conveyance. Mitchell v. Winslow, 2 Story, 630. And this is now the well-settled doctrine of this state. Page v. Gardner, 20 Mo. 511; Wright v. Bircher, 72 Mo. 187; Rutherford v. Stewart, 79 Mo. 216; Johnson Co. v. Bryson, 27 Mo. App. 349; Schubert v. Herzberg, 65 Mo. App. 585. In Field v. Mayer, etc., 2 Seld. 179, it was held that the assignment of a claim against the city for work to be done and materials to be furnished, not founded upon an existing contract and having no potential existence, was valid in equity. In the course of the opinion in the case it is said that, courts of equity will support assignments not only of choses in action, but of con-

tingent interests and expectations, and things which have no present actual existence, but rest in possibility only, provided the agreements are fairly entered into, and it would not be against public policy to uphold them. In Williamson v. Colcord, 1 Hask. 320, it was held that, the mere expectancy and possibility of indemnity for the destruction of a vessel by a Rebel cruiser was subject to donation, even before the Geneva commission was agreed to by England and the United States. In Edwards v. Peterson, 80 Maine, 367, it was held that, an assignment of wages expected to be earned in the future in a specified employment, though not under an existing contract of employment, is valid in equity. And so it has been held that courts of equity will support assignments not only of choses in action but contingent interests and expectations, and also things which have no present actual or pretended existence, but rest in mere possibility only. Bacon v. Bonham, 6 Stew. 616; Smithurst v. Edmunds, 1 McCart. 416; Langton v. Horton, 1 Hare, 549; Robinson v. McDonnell, 5 M. & S. 228; Apperson v. Moore, 30 Ark. 56; Edwards v. Peterson, *ante*.

The invalidity of a grant or assignment at law of a mere expectancy imparts no more than that it is ineffectual to pass the legal title. Equity construes the instrument as imposing a lien upon the *res* where produced or acquired, leaving the legal title still in the grantor or assignor, who may by some act ratify the grant or assignment, as by delivery of the property, and then the legal title is complete in the grantee or assignee. Thompson v. Foerstel, 10 Mo. App. 290; Everman v. Robb, 22 Miss. 653.

But under the assignment in issue, the legal right and title to the wages due the defendant by the garnishee passed to the assignee, as against the creditors herein. In Wallace v. Walter, etc., 16 Gray, 209, it was held that, a written order for the payment of a certain sum out of the wages drawn; for a sufficient consideration, by a workman employed under

such subsisting agreement for a certain time, upon his employer, and by the latter accepted, payable when earned, applied to wages earned under a new engagement entered into by the workmen immediately upon the expiration of the first for lower wages with the same employer, and could not be defeated by a subsequent assignment to another person of the wages to be earned under the new engagement. See Taylor v. Lynch, 5 Gray. 49; Lannan v. Smith, 7 Gray. 150. Boylen v. Leonard, 2 Allen, 407, was where the assignor assigned "all the demands which I now have or which I may hereafter have against Hall & Co. for services done or to be done," etc. The assignment was executed January 19, 1860. The assignor was then employed under an agreement whereby he was to be paid wages at the rate of $18 per month. This agreement continued from May 1, 1859, until July 1, 1860, at which latter date the agreement was entended, the future wages being fixed at $20 per month thereafter. It was held that the indebtedness for the service rendered after the extension of the agreement, and the change of the monthly wages, was covered by the assignment. In the case now before us, the contract of employment existing at the time of the assignment was twice extended without any change as to the rate of monthly wages. It was continued from year to year. The assignment here was of "all claims and demands which I now have and which I may have at any time between the date hereof and the first day of July, 1899," etc. This assignment, as has already been stated, was in effect an order on the garnishee for the amount of any wages earned by the defendant between the date of the assignment and July 1, 1899. This order having been accepted by the garnishee without reference to any particular contract, according to the ruling in the cases just referred to, attached to and was effective as to all the earnings of the defendant, the assignor, during his continuous service for the garnishee. There was no break in the continuity of the employment and the wages

so earned were covered by the assignment. The creditors here stand in the defendant's shoes. Reinhart v. Empire Soap Co., 33 Mo. App. 24. They have no other or greater rights than he with respect to the wages in dispute. He could not lawfully transfer such wages to another without the consent of the garnishee after the acceptance of the assignment by it. If the defendant could not voluntarily do so, it follows that his creditors could not acquire any rights thereto by the process of garnishment.

The garnishee's right to apply the wages so due, in payment of the accepted claim of the assignee, was not suspended by the garnishment. Schubert v. Herzberg, *ubi supra*. As was said in Wellborn v. Buck, 21 Southern Reporter (Ala.), 786: "In this case there was a present interest on which the assignment could operate—an actual subsisting engagement for the rendition of services at a fixed compensation. The only uncertainty attending it was the duration of the time or period of service, and this uncertainty did not lessen its assignability. The consideration and fairness of the assignment was not impeached and the rights of the assignor was superior to that that could be asserted by any creditor."

Some complaint is made by the creditors on account of the action of the court in permitting the assignment and the acceptance thereof to be read in evidence in connection with that adduced by them, but in view of the fact that the case was tried before the court without a jury, it is not perceived that they were in any way seriously prejudiced by the irregularity.

The action of the court at the conclusion of the creditors' evidence in declaring, as a matter of law, that they were not entitled to recover, was, as we think, unexceptionable, and it therefore follows that the judgment must be affirmed. All concur.