Rothschild v. The American Central Insurance Company.

---

ROTHSCHILD, *Plaintiff in Error*, v. THE AMERICAN CENTRAL INSURANCE COMPANY.

1. **Insurance**: CANCELLATION OF POLICY. A current policy of insurance cannot be cancelled, except by virtue of a power reserved in the policy, or by agreement of the parties. Such reservation will never be presumed, but must be distinctly shown.

2. ———: ———: PRINCIPAL AND AGENT. An agent to procure insurance has no implied power to consent to the cancellation of a policy once procured and delivered.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*James O. Broadhead* for plaintiff in error.

*Madill & Ralston* for defendant in error.

NORTON, J.—Plaintiff instituted this suit in the circuit court of St. Louis county to recover $2,500 on a policy of insurance issued by defendant insuring his stock of goods for that amount.   On a trial of the cause, it was submitted to the court, and after hearing the evidence, the court sustained a demurrer to it and rendered judgment for defendant, from which plaintiff appealed to the St. Louis court of appeals, which affirmed the judgment, and the case is before us on writ of error.   The opinion of the court of appeals delivered by Lewis, P. J., contains an accurate statement of the evidence as well as of the law applicable to the facts, and after full consideration of the record we affirm the judgment on the ground therein stated, making no addition thereto except to cite in support of it the following authorities:   *Hathorn v. Germania Ins. Co.,* 55 Barb. 28; *White v. Madison,* 26 N. Y. 117; *Alliance Ins. Co. v. Swift,* 10 Cush. 433; *Fabyan v. Union M. F. Ins. Co.,* 33 N. H. 203; Story's Agency, § 246.

The opinion is as follows:

"The answer set up several defenses, of which only one need be here considered.   The policy contained the following condition, viz:   'If the assured shall have or hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of this company written hereon, this policy shall be void.'   It appeared from the testimony that H. M. Blossom, an insurance broker in St. Louis, undertook for the plaintiff insurance in various companies, to the aggregate amount of $15,000.   He prepared an application containing a diagram of the plaintiff's premises, on which he wrote the name of each company, as its consent was obtained, with the sum for which it was to insure.   The list, when completed, stood thus:   Citizens, $2,500; American Central, $2,500; The

Boatman's, $2,500; The Commercial, $2,500; The Amazon (a Cincinnati company), $3,000; The St. Louis, $2,000. Blossom then obtained all these policies accordingly, and delivered them to the plaintiff. On the application, and on the policy issued by defendant, there were memoranda showing that the total of insurance was to be $15,000. Sometime afterwards, while the plaintiff was in Louisiana, the agent of the Amazon company gave to Blossom a written notice that its policy was cancelled, and requested the return thereof. Blossom thereupon proceeded to get other insurance, and had obtained a policy of $1,500 in the Pennsylvania Insurance Company, when the insured property was destroyed by fire.

Upon this state of facts, the plaintiff insists that there was no violation of the condition in the policy. He holds that nothing more was required than that the total insurance should never exceed $15,000; and that, by the substitution of the Pennsylvania policy for that of the Amazon, the amount was in fact reduced to $13,500, at the time of the loss. To this the defendant makes two answers: First, That by a true interpretation of the condition above quoted, the plaintiff was limited, not merely to the total of insurance mentioned, but also to the particular companies set down in Blossom's list on the application, which was made part of the policy. The Pennsylvania policy was, therefore, "other insurance," within the meaning of the condition; and defendant's consent thereto not having been written on its policy, the same was made void. Second, that at the time of the loss, the total of insurance was $16,500, and this fact avoided the policy.

Upon the first of these two propositions, we are favored with a very able argument on either side. We do not propose, however, to announce any conclusion of our own upon it, since the second contains a simpler solution of the whole controversy. A policy is a contract between the insurer and the insured. Nothing in its nature implies that one party may at any time declare

1. INSURANCE: cancellation of policy.

it ended.   If, by express stipulation, the insurer may cancel it at pleasure, that fact must be distinctly shown; it can never be presumed.   Unless, in the present case, it satisfactorily appeared that the Amazon policy, by virtue of a power reserved to the company, or by agreement of the parties, was duly cancelled before the happening of the loss, it cannot be questioned that the plaintiff failed to make out a case, and that the demurrer to the evidence was properly sustained.   That the policy holder could not recover, if the total of his insurance exceeded the stipulated limit, is too well settled to admit of discussion.   The Amazon policy was not offered in evidence, and nothing in the record intimates that a power of cancellation was reserved therein.

Was it cancelled by consent of the parties?   The pleadings show that the plaintiff himself never consented; for he knew nothing about the alleged cancellation until after the loss.

The only claim of consent on his part, in any shape, must be through the action of Blossom, as his supposed 2. ——: ——: agent.   But no authority is shown in Blossom to give any such consent for the plaintiff. His agency to procure the insurance implied no authority to destroy it when procured and vested in his principal. When he delivered the policies to the plaintiff, there was an end of his agency.   There, was, therefore, a total failure of proof that the Amazon policy was not a valid and subsisting contract of insurance, when the additional Pennsylvania policy of $1,500 was obtained, and when the insured property was destroyed.   No question can be raised about the plaintiff's responsibility for the act of Blossom in procuring the additional policy, since the pleadings show that he ratified the act and accepted the policy."   All concur in the affirmance of the judgment.