DAVID McCARTNEY, Respondent, v. THE STATE INSURANCE COMPANY OF DES MOINES, IOWA, Appellant.

Kansas City Court of Appeals, February 4, 1889.

1. **Insurance** : EVIDENCE TENDING TO SHOW AGENCY TO KEEP INSURED, AND TO CANCEL POLICY : INSTRUCTION : CASE ADJUDGED. W. was an insurance agent ; his wife made a loan on M.'s property and required him, as further security, to keep it insured in her favor ; the evidence then tended to show that M. arranged with W. to keep the property insured in accordance with his wife's requirements, and that W. took out several policies, putting the property in one company after another as successive policies were cancelled, keeping an account with M. of the premiums paid and returned and keeping in his possession all policies while in force, M. not knowing in what companies the property was insured. W. finally took out the policy in suit, but a month before the loss, by direction of defendant's special agent, cancelled the same ( the policy authorizing either party so to do at pleasure ), and returned it to the home office of the defendant and received the unearned premium and credited M. therewith, and thereafter failed to get other insurance owing to the hazard of the risk ; and after loss, plaintiff brought this suit. *Held* that such testimony tended to show that W. was M.'s agent with power to cancel and surrender policies of insurance and to receive notice of cancellation thereof, and it was error not to submit the question of agency to the jury, and to instruct the jury that there was no proof of a legal cancellation of the policy.

2. ——— : ——— : ———. The case of *Rothschild v. Ins. Co.*, 74 Mo. 41, *distinguished.*

3. ——— : ——— : CANCELLATION : WHAT SUFFICIENT. "Cancelled by order of special agent Black, September 7, 1886. Return of premium, $5.75. L. P. WOOLDRIDGE, Agt.," together with the surrender of the policy and the receipt of the returned premium, is a sufficient cancellation if the agent has proper authority.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

Statement of the case by the court.

This is an action on a policy of insurance and the question on the trial below was whether or not the policy had been cancelled before the loss occurred.

The circuit court instructed the jury that there was no evidence tending to show a cancellation and the propriety of this action is the matter now here for review.

The evidence tended to establish the following state of facts. On the eleventh day of February, 1884, the plaintiff McCartney borrowed two hundred and fifty dollars from Mrs. M. A. Wooldridge, and gave her his note and deed of trust to secure the same on his house and lot.

L. P. Wooldridge was the husband of Mrs. M. A. Wooldridge and acted as her agent in the loan. One of the conditions of the loan was that McCartney was to keep the property insured for the benefit of Mrs. Wooldridge. L. P. Wooldridge was an insurance agent, and McCartney arranged with him to insure the property and to keep it insured for her benefit and protection.

L. P. Wooldridge testifies that McCartney said to him : "You keep it insured, and I will pay the insurance ; I will agree to do that in getting the money."

At the time the note and mortgage was given the property was insured for four hundred dollars in the Springfield. That policy had been issued January 1, 1884. When the note and mortgage were given on February 11, 1884, that policy was surrendered by L. P. Wooldridge and another taken out in the same company for the same amount, but changed so as to be for the benefit of Mrs. M. A. Wooldridge as her interest might

appear. This policy in the Springfield was cancelled by orders of the company on January 5, 1885. L. P. Wooldridge then immediately insured the property in the Mechanics of Milwaukee.

This last policy was cancelled by order of the company before it expired, and L. P. Wooldridge immediately put it in the State Insurance Company, the defendant in this suit.

From the time of the cancellation by the Mechanics of Milwaukee, L. P. Wooldridge kept the property insured in the State, the last policy issued bearing date January 16, 1886, which is the one sued on.

From and after the giving of the note and mortgage all the policies in the several companies were made payable to Mrs. M. A. Wooldridge as her interest appeared.

It appears that the plaintiff McCartney never had possession of any of the policies, and never knew what companies he was insured in. The policies remained in possession of L. P. Wooldridge, and whenever any policy was cancelled he would return it to the company and receive the unearned premium. Such return premium was never paid by Wooldridge to McCartney, but held by him to apply on insurance. L. P. Wooldridge always advanced the premiums for McCartney on his policies, and carried him along on his premiums, sometimes for four months, which McCartney would pay him back from time to time as he was able.

From the date of the note and mortgage there was an open and running account between L. P. Wooldridge and McCartney for money advanced and money paid on premiums.

The policy in question is the successor to a number of policies issued under the same arrangement between Wooldridge and McCartney. It was issued on the sixteenth of January, 1886, for one year, the loss, if any, is made payable to Mrs. M. A. Wooldridge as her interest

might appear. It was for four hundred dollars and her interest was two hundred and fifty dollars. And it was cancelled, as the appellant claims, on the seventh day of September, 1886. The property insured was burned on the tenth day of October, 1886.

There is a provision in the policy authorizing either party to discontinue or cancel the same at pleasure, and the cancellation in this case was effected in the following manner: The special agent of the company saw L. P. Wooldridge at Macon and informed him that the company would no longer carry the risk and ordered the policy cancelled. L. P. Wooldridge, after some remonstrance, assented, and wrote on the face of the policy, " Cancelled by order of Special Agent Black, Sept. 7, 1886. Return premium $5.75. L. P. WOOLDRIDGE, Agt." And having the policy in possession he sent it and surrendered it to the company and received from it the $5.75 return premium. And in fact the company received and held said policy, marked cancelled, from and after the seventh day of September, 1886, more than a month before the fire occurred.

L. P. Wooldridge credited McCartney with the $5.75 return premium, and proceeded at once with his endeavors to put the mortgaged property in another company, but owing to its being considered a bad risk had not succeeded in doing so up to the time of the fire. L. P. Wooldridge was the local agent of the defendant insurance company on the sixteenth day of January, 1886, when the policy issued ; but ceased to be such agent on the third day of August, 1886, about one month before the date of cancellation.

On this statement of facts the plaintiff seeks to hold said policy as uncancelled and subsisting, the defendant, on the other hand, claiming it cancelled on and after said September 7, 1886:

The verdict was for the plaintiff, and after an ineffectual motion for a new trial and in arrest, the defendant brings the case here by appeal.

*A. R. Pope* and *B. R. Dysart*, for appellant.

The evidence clearly shows that L. P. Wooldridge was the broker or agent of the plaintiff to procure and keep said property insured for the benefit of the mortgagee. And hence notice of cancellation and return of the unearned premium to Wooldridge was notice and return to plaintiff, and on that point the plaintiff's instructions should have been refused and the defendant's given. *Ins. Co. v. Reynolds*, 36 Mich. 502 ; *Ins. Co. v. Mueller*, 8 Ins. Law Jour. 260 ; *Standard Oil Co. v. Ins. Co.*, 64 N. Y. 85 ; *Northrop v. Ins. Co.*, 48 Wis. 420. The method of cancellation was proper and sufficient. It was not necessary that the policy be destroyed or the names be erased, or that any entry in the books of the company be made. *Borgson v. Ins. Co.*, 38 Cal. 541 ; *Hadley v. Ins. Co.*, 55 N. H. 110. The Wooldridges had an interest both in the property insured and in the contract of insurance, and were entitled to notice of cancellation, especially as they held and controlled the policy. *Parks v. Ins. Co.*, 26 Mo. App. 511 ; *Franklin v. Ins. Co.*, 43 Mo. 491.

*Chas. P. Hess*, for respondent.

The evidence shows, beyond doubt, that L. P. Wooldridge was the agent of the defendant in the attempted cancellation of the policy and not of the plaintiff. Before the policy could be cancelled plaintiff was entitled to notice and to payment of the return premium. *Van Loan v. Ins. Co.*, 90 N. Y. 280 ; *Ins. Co. v. Botts*, 47 Ill. 516 ; *Ins. Co. v. Maguire*, 51 Ill. 342 ; *Rothchild v. Ins. Co.*, 74 Mo. 41. The right to cancel can only be exercised in strict accordance with the terms of the contract. *Ins. Co.*, 9 Allen (Mass.) 319. Payment of unearned premium to a party not authorized to receive it, or simply credited on the books of the

company, is not sufficient. *Van Valkenberg v. Ins. Co.*, 51 N. Y. 465 ; *McLean v. Ins. Co.*, 3 Lans. [N. Y.] 421 ; *Ins. Co. v. Heak*, 56 Ill. 111. A person who acts as the agent of another in procuring insurance has no authority to cancel. *Bennett v. Ins. Co.*, 115 Mass. 241 ; *Rothchild v. Ins. Co.*, *supra ; Hollingsworth v. Ins. Co.*, 15 Ga. 294 ; 12 Am. Rep. 579 ; *Grace v. Ins. Co.*, 109 U. S. 278.

GILL, J.—The determination of the controversy turns upon the extent of the powers of L. P. Wooldridge, as agent for the plaintiff McCartney, for if Wooldridge had the authority, as the agent of McCartney, to surrender and cancel the insurance policy, there is no question but that he did all that was required to effect such cancellation. The company requested a surrender and cancellation, the policy was marked cancelled and sent in to the company's home office, and the company returned to Wooldridge the unearned premium. All this was done, too, more than a month before the loss occurred. We think, to say the least, that there was evidence at the trial of this cause tending to show authority in Mr. Wooldridge to accept notice of the cancellation of this policy and to receive for McCartney a return of the unearned premium.

If the evidence for the defendant is to be credited, then Wooldridge was the agent of McCartney with very general powers. The whole matter was left in his charge and subject to his management. Mrs. Wooldridge was loaning McCartney money on the property and she exacted for her security insurance on the house. McCartney, in answer to this request, clothed Mr. Wooldridge with full authority to keep up the insurance for the benefit of Mrs. Wooldridge. This was in February, 1884, two and a half years before the defendant's policy was cancelled. The evidence tends to show that Mr. Wooldridge, in pursuance of this authority, did all that time

attempt to keep the property insured, and was successful except for a month's time before the fire occurred. He first procured a policy in one company, and then, after carrying the risk awhile, they cancelled the same; a second policy in another company was then secured which also was in a few months cancelled, and then the risk was, in January, 1886, taken by the defendant company, and they in turn refused to carry it further, and in September, 1886, returned the unearned premium and cancelled the policy in suit. All this was done through the agency of Mr. Wooldridge. He in all cases received the unearned premium and the evidence tends to show accounted to his principal McCartney for the same by applying it on other and renewed insurance. During all this time Wooldridge had possession of these various policies and he seemed by every appearance an agent for the insured with the fullest powers. The original authority given in February, 1884, "to keep the house insured," attended, as it was, by a continuous possession of the policies for two and a half years, during which time two other policies had been cancelled and the return premium used towards securing other insurance, all of which is now to some extent ratified by McCartney in suing the defendant on this policy which is the result, or outgrowth, of former cancellations, all tends very strongly to establish the agency contended for by appellant.

The following authorities cited by defendant's counsel are in point: *Reynolds v. Ins. Co.*, 36 Mich. 502, 506–507; *Standard Oil Co. v. Ins. Co.*, 64 N. Y. 85; Story on Agency, secs. 127 and 58, 452. The case of *Rothschild v. Ins. Co.*, 74 Mo. 41, is not in conflict with these cases, nor of the position taken here. It was there decided that a policy of insurance could not be cancelled except by virtue of a power reserved in the policy or by agreement of the parties; and further, that such agreement to cancel would not be binding on the policy-holder when made with the agent who by employment had simply procured the insurance and delivered the policy

to the insured. · In the *Rothschild case*, the insured had secured certain definite policies through the agent. The agent had procured the policies and delivered them to the insured and that was the end of his engagement. Subsequently, the insurance company attempted to cancel the policy by giving notice thereof to this former agent of the insured. It was held that there was no authority shown in the agent to accept such notice of cancellation. There was no such general authority vested in the agent in that case as in the case at bar. The agent mentioned in the *Rothschild case* was simply engaged to do a particular act and his agency there closed.

We think, then, that there was evidence here tending to establish the authority of Wooldridge, as agent for McCartney, to surrender up and accept a cancellation of the policy sued on, and therefore that the circuit court committed error in declaring to the jury that there was no evidence to show a legal cancellation of the policy.

The judgment of the circuit court is therefore reversed and the cause remanded. All concur.