DAVID McCARTNEY, Respondent, v. THE STATE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 11, 1891.

1. Trial Practice: BURDEN OF PROOF: BURDEN OF EVIDENCE: PLEADINGS. The burden of proof, which means the burden of establishing a case, remains unchangeable throughout the entire case exactly where the pleadings originally placed it ; that is, on him alone who has the affirmative, though the burden of the evidence may, during the trial, be shifted from scale to scale.

2. —— : —— : CANCELLATION OF INSURANCE POLICY. Where the issue under the pleadings is whether an insurance policy has been canceled as alleged in the answer and denied in the reply, the burden is on the defendant to establish the cancellation ; and whether the original policy with the indorsement of the alleged cancellation thereon, or the copy of the policy, was read in evidence does not change the burden of proof.

3. —— : EVIDENCE : INDORSEMENTS ON INSTRUMENTS : CONSTRUCTION. A party who offers in evidence a written instrument, as an insurance policy, cannot be compelled to read subsequent indorsements thereon, as a cancellation, which tend to establish the defense interposed by the answer ; and there is no question of construction presented by such offer requiring the court to explore everything within the eight corners of the instrument.

4. —— : INSTRUCTIONS. The practice of giving many instructions is again animadverted upon and disapproved ; and certain instructions set out in the opinion approved.

5. Principal and Agent : AUTHORITY OF AGENT : INSTRUCTION. Authority to write up a policy for plaintiff and an agreement to arrange for him the premium cannot imply the further authority to receive notice of cancellation of the policy, and an instruction to that effect is erroneous.

6. —— : RATIFICATION : INSTRUCTION. An instruction that the bringing of a suit on the policy obtained by the agent was an admission of the agency, and a ratification of the agent's action, is misleading without an explanation and limitation of the extent of such admission and ratification.

7. Appellate Practice : NO REVIEW OF EVIDENCE. Where there is some evidence, though slight, to support a verdict. the appellate court cannot interfere.

8. Principal and Agent : AGENT'S AUTHORITY. Where an agent had no authority to cancel an insurance policy the insurer cannot be excused from liability by his unauthorized cancellation.

*Appeal from the Randolph Circuit Court.*—HON. W. A. MARTIN, Special Judge.

AFFIRMED.

*B. R. Dysart* and *A. R. Pope*, for defendant, appellant.

( 1 ) The trial court allowed the plaintiff to read in evidence a purported copy of the policy, after the

defendant had disproved such loss and accounted for the original, and offered the same in court to be used as evidence. This was error; nor was it harmless error, but prejudicial to the defendant. It had the effect of shifting the burden of proof as to the fact of a cancellation. The copy sued on and read in evidence was not indorsed "canceled." But the original was, *prima facie*, a canceled instrument, having indorsed across its face, "canceled," at a date long prior to the burn. The defendant had the statutory right to disprove the loss of the original and account for its existence, and furnish it in court to be used as evidence by the plaintiff, the same as if suit had been brought upon the original. R. S. 1889, sec. 2183, p. 565. Had plaintiff sued on the original, or been compelled to use the original for evidence, then it would have devolved upon him to disprove or explain the indorsement thereon, showing that the policy had been canceled prior to the burn. But the court, both by receiving the copy in evidence and by its instructions, ignored the indorsement of cancellation, and threw the burden of proving a cancellation upon the defendant. (2) The instructions of the court as given to the jury, taken as a whole, were faulty and misleading, and failed properly to present the law of the case to the jury. *First*. They cast upon the defendant the burden of proving that the policy was canceled prior to the burn, in the face of the fact that the policy was indorsed canceled, surrendered, and in possession of the defendant, long prior to the burn. *Second*. They fail to instruct the jury as to what constituted a cancellation of the policy, and as to what constituted L. P. Wooldridge the agent of the plaintiff. *Third*. They forbid the jury to find for the defendant, unless it affirmatively appear from the evidence, that L. P. Wooldridge was specially authorized by the plaintiff to accept notice and receive the return premium. *Fleischman v. Miller*, 38 Mo. App. 177. (3) The instructions, numbered 1 and 2, asked for by

the defendant and refused by the court, should have been given. They fairly present the law, and were required in view of other instructions of the court. (4) From the undisputed facts and circumstances as shown in this case, the plaintiff is estopped to dispute the agency of Wooldridge. *Bruen v. Fair Ass'n*, 40 Mo. App. 425-31. (5) If ever this court will disturb a verdict for being against the evidence, this case calls for the exercise of such supervision. If the jury were unprejudiced and impartial, there must have been some confusion in their minds produced by the instructions. In support of defendant's contention on the foregoing points, the following authorities are cited and relied on : *McCartney v. Ins. Co.*, 33 Mo. App. 652-658 ; *Ins. Co. v. Reynolds*, 36 Mich. 502, 506, 507 ; *Ins. Co. v. Mueller*, 8 Ins. Law Jour. 260 ; *Oil Co. v. Ins. Co.*, 64 N. Y. 85 ; Story on Agency, secs. 58-127, 452. On the subject of instructions : *Cahn v. Reid & Bungardt*, 18 Mo. App. 115 ; *Mfg. Co. v. Hudson*, 4 Mo. App. 145 ; *Billups v. Daggs*, 38 Mo. App. 367 ; *Hill v. Scott*, 38 Mo. App. 370.

*Chas. P. Hess*, for respondent.

(1) The defendant by his agent, L. P. Wooldridge, endeavored to cancel the policy by the indorsement thereon, which was done without plaintiff's knowledge or consent; then he seeks to compel plaintiff to prove the policy canceled and then disprove the cancellation. Plaintiff was ready and willing to accept the original policy and place it in evidence, but could of course not offer the illegal and unauthorized indorsement thereon. This was no part of the original policy. (2) The burden of proof is upon the defendant to show that anyone other than the plaintiff was authorized to receive notice and payment of return premium. Wood on Insurance [2 Ed.] p. 288, sec. 113 ; 33 Mo. App. 656. The writing or indorsement of cancellation on the policy by Wooldridge by order of Black was no evidence

of such authority, nor did it cancel the policy. (3) The instructions fairly present the law in the case, and are very favorable to the defendant. L. P. Wooldridge wrote the policy sued on, and was the agent of the defendant and not of plaintiff. A policy-writing agent of an insurance company cannot be the agent of the insurer and the assured where their interests stand opposed. *Candy Co. v. Ins. Co.*, 41 Mo. App. 530, and cases therein cited. The research in collating and citing authorities in the last-mentioned case by counsel, and the clear, convincing and cogent language of the learned judge, settles the law of dual agencies in this state in our judgment.

SMITH, P. J.—This was a suit on a policy of insurance alleged, in the petition, to have been lost. The answer admitted the execution and delivery of the policy and pleaded as a special defense that on the seventh day of September, 1886, and long prior to said alleged burn, the defendant, pursuant to provisions of said policy, proceeded to cancel the same, and did cancel said policy, returned to plaintiff the unexpired premium *pro rata*, to-wit, the sum of $5.75, and plaintiff thereupon returned and delivered said policy to defendant, which defendant now holds, and ever since has held, canceled as aforesaid, and so defendant at the time of the alleged burn says the plaintiff did not hold and own said policy, nor any policy against the defendant, and plaintiff's allegation that said policy is lost and destroyed is not true. This was controverted by the replication. The policy contained this provision, viz.: "The company may at any time cancel this policy, returning the unexpired premium *pro rata*, and the assured may cancel by paying the customary short rates for the expired time, together with the expense added of writing the same. The insurance may also at any time be terminated at the option of the company on giving notice to that effect either by mail addressed

to the assured at his or their postoffice address named
in this policy or otherwise.   In such case a ratable por-
tion of the premium for the unexpired term of the
policy shall be a claim against the company, payable at
the office of the company, in the city of Des Moines,
Iowa, on demand and on the return of this policy."
On the back of the policy was this indorsement:

"Canceled by order of special agent Black, Septem-
ber 7, 1886 ; returned premium, $5.75.

"L. P. Wooldridge,<br>"Agent."

There was evidence introduced tending to show
that Wooldridge was, and that he was not, the agent
of the plaintiff in keeping the plaintiff's property
insured.   It was quite contradictory and conflicting.
By reference to 33 Mo. App. 652, it will be seen the
case was here on a former occasion.   In the report of
it, there contained, will be found a rather full synop-
tical statement of the evidence which in substance does
not differ from that appearing in the present record.
When the case was here before the only question pre-
sented for our decision was, whether there was any evi-
dence introduced by defendant, the tendency of which
was to show that Wooldridge, the policy-writing agent
of defendant, was authorized by the plaintiff to receive
notice of the cancellation of the policy and the return
premium, and we held there was, and so reversed the
judgment and remanded the case.   At the second trial
the plaintiff again had judgment from which the defend-
ant has appealed.

I.   The only issue made by the pleadings in this
case was as to whether the policy sued on had been
properly canceled prior to the destruction of the plain-
tiff's property by fire.   The burden of proof was
imposed by the pleadings upon the defendant to estab-
lish the rescission of the policy sued on, before the
occurrance of the fire.   Whether the original policy
with the indorsement of cancellation thereon, or the

copy of the policy, was read in evidence, did not alter or change the burden of proof, as the defendant seems to suppose. It is the well-settled rule of practice that the burden of proof, which means the burden of establishing a case, remains unchangeable throughout the entire case exactly where the pleadings originally placed it, though the burden of the evidence may, during the trial, be shifted from scale to scale. The burden of proof remains constantly throughout the trial on him alone who has the affirmative. *Feurt v. Ambrose*, 34 Mo. App. 360. We do not think that, if the plaintiff did read the original policy of insurance in evidence, he was bound to read the indorsement of cancellation. In an action on a bill of exchange the plaintiff is not bound to allege, nor of course to prove, any indorsements, but such as are necessary to convey title to himself. 1 Greenleaf Ev. [14 Ed.] sec. 166. *Jones v. Shole*, 34 Mo. App. 302, was an action to recover damages for breach of a contract for the sale and future delivery of grain, where the contract was admitted by the answer and special defenses set up which were controverted by the replication; it was held that, the lower court did not err in refusing to compel the plaintiff, when he read in evidence the contract sued on, to also read the indorsements thereon, which tended to establish the defense interposed by the answer. The objection of the defendant to the reading of the face of the policy without reading the indorsement of cancellation involved no question of construction. This was not a case where the indorsement was contemporaneous with the making of the policy, whereby it became necessary for the court to explore everything within the eight corners of the policy, in order to ascertain its meaning. No such question was presented. The indorsement was part of the defendant's case; until the authorization of Wooldridge was first shown it could not be read in evidence. It did not establish, without this, a *prima facie* case

for the defendant. But, however this may be, we cannot discover that the defendant was in the least prejudiced by the reading of a copy of the policy of insurance, whose execution was not denied by it.

II. The court gave seven instructions for the plaintiff, and a like number for defendant. A request of defendant for two additional instructions was refused. The action of the court in respect to the giving and refusing of instructions constitutes the chief grounds of the defendant's appeal. The great number and length of these must preclude us from setting them forth here at length. After rather a careful analysis of both series, we have concluded that about the most serious criticism to which they are subject is their great number. Where there was a simple and single issue of fact to be passed upon by the jury, why the trial court should have deemed it to be its duty to give so many instructions is wholly incomprehensible. The practice in such a case is quite improper, and is calculated to confuse, rather than to enlighten, the minds of the triers of the fact, in respect to the issues they are required to determine. In the hurry and confusion incident to the trial of causes in the *nisi prius* courts, it is quite difficult for the most learned and careful judge to avoid error, when he gives fourteen instructions in respect to an issue that could be fully covered by one, or two at most, on a side.

The instructions given for the plaintiff are substantially correct. Barring some little verbal criticism to which they are subject, we can discover no harmful error in them. They were framed with reference to the issue made by the pleadings. As the converse of these instructions the court gave for the defendant the following: "1. If the jury believe from the evidence that some six years ago Mrs. Wooldridge loaned plaintiff $250, and to secure the same took a deed of trust on the property insured; that plaintiff at the time, as one of the conditions of said loan, agreed to insure and keep the said

property insured for the benefit of Mrs. Wooldridge, as her interest may appear, at the same time authorizing L. P. Wooldridge to insure the said property and to keep the same insured for the purpose aforesaid; that the said L. P. Wooldridge did so insure said property in other companies, which policies were canceled, and that, lastly, said property was insured by defendant through said L. P. Wooldridge; that defendant on the seventh of September, 1886, canceled said policy sued on and returned the *pro rata* part of the premium to said L. P. Wooldridge, then the plaintiff cannot recover, and the verdict should be for the defendant.

"2. If the jury believe from the evidence that L. P. Wooldridge acted as the agent of the plaintiff, then the return of the *pro rata* part of the premium to him was the return of the same to plaintiff, and plaintiff is bound by such cancellation and return of such *pro rata* part of the premium.

"3. It was competent for L. P. Wooldridge to act as the agent of both the plaintiff and the defendant, and if the jury believe from the evidence that said L. P. Wooldridge acted as the agent of the plaintiff or as the agent of both the plaintiff and the defendant, then the cancellation and return of the *pro rata* premium is binding on the plaintiff.

"4. If the jury believe any witness testified wilfully falsely to any material fact in issue in the case, they are at liberty to disregard any or all such witnesses' evidence."

These instructions taken in connection with those of the plaintiff presented the whole law of the case to the jury.

The defendant's first instructions which told the jury in effect that, if Wooldridge, by an arrangement with plaintiff, gave him personal credit and arranged the premium with his own money and credits, that this authorized him to receive notice of cancellation, and the return premium, was properly refused. Surely, the

authority to write up a policy for plaintiff and an agreement to arrange for him the premium could not be held to imply the further authority to receive notice of cancellation of the policy.

The second instruction requested by defendant told the jury that the bringing of the suit by plaintiff on the policy was an admission of the agency of Wooldridge, and a ratification of his action. This instruction, if it had contained words explaining and limiting the extent of the admission and ratification, would have been well enough, but failing to do so it was calculated to mislead, and for that reason was properly refused.

The instructions asked by the defendant, which were modified by the court and then given, differed only in phraseology from others given for defendant.

The evidence disproving the agency of Wooldridge was quite meager and weak, still there was some such evidence. It is not contended there is no evidence to support the verdict. An interference with it in such cases on our part is not permitted.

The defendant strenuously insists that it acted in the utmost good faith in the transaction of canceling the policy and returning the premium to its agent, Wooldridge ; still, if Wooldridge was not authorized by his agreement with plaintiff to act for him in that matter, which the jury found he was not, it cannot be excused from liability.

The judgment must be affirmed.    All concur.