JOSEPH PRINGLE, Respondent, v. AETNA LIFE
INSURANCE COMPANY, Appellant.

**Kansas City Court of Appeals, March 4, 1907.**

1. **INSURANCE: Broker: Agency.** Generally an insurance broker
is the agent of the assured and not the insurer and after pro-
curing a valid contract is the agent of neither party.

2. ———: ———: ———: **Custom.** But a broker may have his
ordinary relations to the company from which he secures in-
surance enlarged, and if the custom in the business commu-
nity is for the insurer to treat the broker who solicits the in-
surance as his agent in receiving premiums, notices of loss
and summons in suits, the broker's acts within the limits of
such custom binds the insurer.

3. ———: ———: ———: **Permission; Invitation.** And where
the insurer permits a broker to do such things such act is to
be taken as inviting the agency and binds the insurer.

Appeal from Jackson Circuit Court.—*Hon. Henry L.
McCune,* Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1)   The lapse of seven weeks between the time
the summons in the Greenway case was served upon
Pringle and the time when the summons reached the
office of the general agent of the Aetna Company, is as a
matter of law, fatal to the respondent's case. Burnham
v. Insurance Co., 75 Mo. App. 394; Trask v. Insurance
Co., 29 Pa. St. 198; Weed v. Insurance Co., 133 N. Y.
394; Edwards v. Insurance Co., 75 Pa. St. 378; Rooney
v. Casualty Co., 67 N. E. 882, 184 Mass. 26; Mfg. Co. v.
Ins. Co., 50 N. E. 516; 171 Mass. 357; Gas Co. v. Myers,
57 N. E. 458, 62 Ohio St. 529, 49 L. R. A. 760; Veneer
Co. v. Guarantee Co., 75 N. W. 996, 100 Wis. 378; Lia-
bility Co. v. Power Co., 63 N. E. 54, 28 Ind. App. 437;

Guarantee & Accident Co. v. Sivoy, 66 N. E. 481; Ward v. Casualty Co., 51 Atl. 900, 71 N. H. 262; Telephone Exch. v. Casualty Co., 90 N. W. 1110, 86 Minn. 467. (2) Rush and his employee, Nichols, obtained the policy in controversy as a broker, and as such, was the agent of the insured. R. S. 1899, sec. 7997; 2 Clark & Skyles on Agency, pp. 1277, 1715, 1720; 16 Am. and Eng. Encyc. of Law (2 Ed.), p. 971; Lange v. Ins. Co., 3 Mo. App. 591; Bradley v. Ins. Co., 90 Mo. App. 369; 1 May on Insurance, p. 218; 2 Biddle on Insurance, pp. 252, 353; Edwards v. Ins. Co., 100 Mo. App. 695 and authorities there cited; 2 Clement on Fire Insurance, p. 474 and authorities there cited, pp. 475, 478; Insurance Co. v. Swigert, 11 Ill. App. 590; Insurance Co. v. Spiers, 87 Ky. 285, 8 S. W. 453; McGrath v. Ins. Co., 88 App. Div. 153, 84 N. Y. Sup. 374; Ins. Co. v. Brooks, 34 Atl. 373; Match Co. v. Ins. Co., 122 Mich. 256, 80 N. W. 1088; Russell v. Ins. Co., 80 Mich. 412, 45 N. W. 356; Kausal v. Ins. Co., 31 Minn. 20, 16 N. Y. 430; Ins. Co. v. Bell, 166 Ill. 400, 45 N. E. 130; Insurance Co. v. Sammons, 110 Ill. 166; Allen v. Ins. Co., 123 N. Y. 6, 25 N. E. 309. (3) While a broker is the agent of the insured in respect to obtaining the policy, and may be, also, the agent of either the insurer or assured in respect to other particular acts, he is not *per se* the continuing agent of either the insured or the insurer. 2 Clark & Skyles on the Law of Agency, p. 1720; Edwards v. Ins. Co., 100 Mo. App. 695; 2 Clements on Fire Insurance, pp. 475, 478, and authorities cited above. (4) There is no competent evidence of a custom showing that in respect to the forwarding of summonses the broker was recognized by the insurer as the agent of the latter as pleaded in respondent's petition. 29 Am. and Eng. Encyc. of Law (2 Ed.), p. 290; Joseph v. Andrews, 72 Mo. App. 551; Ober v. Carson, 62 Mo. 209; Ehrlick v. Ins. Co., 103 Mo. 231; Shields v. Railroad, 87 Mo. App. 644.

*C. F. Mead* and *John C. Stearns* for respondent.

(1)   Rush, in furnishing the insurance in contro-
versy, was the agent of the appellant, Aetna Insurance
Company.   May v. Assurance Co., 27 Fed. 260; Ins. Co.
v. Union Bank & Trust Co., 111 Fed. 697; Ins. Co. v. Hail-
well, 123 Ind. 177; McGraw v. Ins. Co., 54 Mich. 145;
Ins. Co. v. Wiard, 59 Neb. 452; Rosencrans v. Ins. Co.,
66 Mo. App. 352; Murphy v. Ins. Co., 83 Mo. App. 481.
(2)   The appellant, through its agent, Mastin, knowing
the existence of the custom of serving notice upon and
delivering summons to the soliciting agent is bound by
it.   Railroad v. Kolh & Hardaway, 73 Ala. 324.   (3)
Appellant is estopped by the conduct and omissions of it.
Bronson v. Chappell, 12 Wall. (79 U. S.) 683.

ELLISON, J.—Plaintiff was a contractor and en-
gaged in doing certain work in which he had others em-
ployed in his service.   He obtained from defendant a
policy of indemnity insurance in case he incurred lia-
bility to such employees by reason of an injury happen-
ing to them.   One of his employees was injured and ob-
tained judgment against him for near two thousand dol-
lars.   The judgment was by default and plaintiff was
successful in his effort to have it set aside.   The case was
afterwards dismissed, but plaintiff was put to an ex-
pense on account of it in the sum of $630, for which
amount he obtained judgment in the trial court.

The policy contained a provision that if an em-
ployee was injured the insurance company should be
notified and that if thereafter suit was instituted by the
employee, the summons when served upon the plaintiff
would be forwarded by him to the company.   The ques-
tion to be decided is whether the latter provision was
complied with and that involves, in some degree, the
law of the agency.

It appears that Joseph Rush was general agent of
the Fidelity & Casualty Company at Kansas City and

that one of his employees named Nichols solicited plaintiff for his insurance and obtained it. But the Fidelity Company would not accept the risk. Nichols then arranged with plaintiff to place the insurance with some other company. He submitted it to the Ocean Company and it also refused the risk. He then submitted it to the defendant company, which accepted the risk and issued the policy in suit. T. J. Mastin was defendant's general agent in Kansas City and the insurance was placed by Nichols through the agency of Mastin. Rush (acting through Nichols) collected the premium and he and Mastin divided the commission by taking it out of the premium. When the accident happened to plaintiff's employee plaintiff notified Rush and Rush notified the defendant company through Mastin. When the summons was served on the plaintiff on February 25, 1903, at the suit of his employee, he delivered it to Rush and the latter, instead of sending it to defendant, or delivering it to Mastin, by mistake, mailed it to the Fidelity Company for which he was agent. Some weeks afterwards (in the latter part of April) the Fidelity Company returned it to Rush and he then delivered it to Mastin. The judgment obtained by plaintiff's employee was about the same date of the delivery of the summons to Mastin. The exact date of the delivery to Mastin is not clear, but it is not disputed that it was too late to be a compliance with the policy. So that the case is made to depend upon whether the delivery to Rush was a compliance and that depends upon the question whether Rush was defendant's agent in the subject-matter of this insurance.

It is clear that for the transaction of a general business in Kansas City Mastin was the defendant's agent and that Rush was not, and that this plaintiff knew these facts. If Rush was defendant's agent so as to bind it by receiving the summons from plaintiff, the agency must have arisen by some special circumstance or con-

sideration which arose in the conduct of the particular business relating to this policy. The plaintiff knowing that Rush was not defendant's agent, must have known that he, Rush, was procuring the insurance as a broker from some other company. In other words, he knew him to be a broker as defined by our statute (section 7997, Revised Statutes 1899). It is a general statement of law that a broker is the agent of the assured and not of the insurer. If he is the agent of the insurer it is because of some special condition or circumstance in the particular case. "A mere insurance broker cannot be converted into an agent of the insurance company, without evidence of some action on the part of the company, or of facts, from which a general authority to represent it might be fairly inferred." [123 N. Y. 6, 16.] A broker after fulfilling the object of his service, viz., obtaining a valid contract of insurance is no longer the agent of either party. While he may perform acts which will bind the company in consummating the contract, his agency is not a continuing one. He is not an agent for future acts. [Rothschild v. Insurance Co., 74 Mo. 41; Gardner v. Insurance Co., 58 Mo. App. 611; Edwards v. Insurance Co., 100 Mo. App. 695; McCartney v. Insurance Co., 33 Mo. App. 652; Huggins v. Insurance Co., 41 Mo. App. 530; Bradley v. Insurance Co., 90 Mo. App. 369; 2 Clark & Skyles on Agency, 1720; 1 May on Insurance, 218; 2 Clements on Insurance, 474.]

But there is no reason why one who has acted as broker may not have his ordinary relations to the company from which he procures the insurance enlarged. If there was a custom of business among insurance companies at Kansas City to treat the broker who solicits the insurance as in this case, as the agent of such company beyond the mere delivery of the policy, his act, within the limits of such custom, ought to bind the company. If therefore there was a custom in Kansas City (known to defendant) for the broker who solicited the

insurance for the insuring company to receive notices of accidents and summons for actions brought on account of such accidents, then Rush was a person to whom the summons in this case could be properly delivered. The trial court found that there was such custom and the finding is supported by evidence. The testimony of Guthrie, the general manager of Mastin's office, showed such custom as to notices of accidents and notices of suits thereon. There was other testimony of like tendency.

But the defendant argues that though the insurer permitted the broker to receive and transmit to it notices of accidents and suits thereon, it did not follow that his agency for that purpose was recognized. We think it does follow. Any other rule would be unjust and deceptive. Permitting such action to be taken is inviting it to be taken. See in illustration of the foregoing the following authorities cited by plaintiff: Queen Ins. Co. v. Bank, 111 Fed. Rep. 697; Ins. Co. v. Hartwell, 123 Ind. 177; McGraw v. Ins. Co., 54 Mich. 145; Ins. Co. v. Wiard, 59 Neb. 452; May v. Ins. Co., 27 Fed. Rep. 260.

The result is that we consider the trial court's view of the law as correct and hence affirm the judgment. All concur.