GONZALO LANDOL GALARCE, Plaintiff and Appellant, v. ELOY COLÓN AND PORTO RICAN AND AMERICAN INSURANCE COMPANY, INC., Defendants and Appellees.

No. 11294. Argued December 2, 1954.—Decided August 15, 1955.

*Rodríguez Ema & Rodríguez Ramón* for appellant. *Córdova & González* and *H. Martínez Muñoz* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

On March 6, 1952 Gonzalo Landol Galarce sued Eloy Colón and Porto Rican & American Insurance Co., Inc., in the Superior Court for damages arising out of an automobile accident. The case was submitted by the plaintiff and the insurance company on a stipulation of facts to the trial court. The latter dismissed the case as to the insurance company, leaving it open as to Colón who was not a party to the stipulation. The plaintiff appealed to this Court from the judgment dismissing the complaint insofar as the insurance company is concerned.

We summarize the stipulated and undisputed facts. On March 9, 1951 the plaintiff, a soldier who was a passenger in an Army truck, was injured as a result of a collision between the Army vehicle and a truck owned by Colón, which was being operated by Félix Ortiz Figueroa within the scope of his employment as an agent of Colón. The accident was due to the negligence of Ortiz. Colón's truck was insured under a policy issued by the defendant company which provided that "[w]hen an accident occurs written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable."

Colón found out about the accident the same day it occurred. Four days later he notified José S. Polo, the broker through whom he obtained the policy, of the accident and the details thereof. The company had no notice of the accident until it received from the plaintiff's attorney a copy of a letter written by the latter on February 14, 1952 to Colón making a claim in connection therewith. On March 10,

1952 the company wrote Colón advising him that it had received the copy of the said letter but that it was not liable under the policy because it was not notified of the accident within a reasonable time after its occurrence. At that point, at the request of Colón, Polo sent the company a notice of the accident.

Based on the foregoing facts, the trial court held as a matter of law that the insurance company was not liable because Colón had failed to comply with the provision of the policy as to notice. It also held that the notice by Colón to Polo, the broker, four days after the accident, did not constitute compliance with the notice provision of the policy because the broker was a representative of the assured and not an agent of the company under the Insurance Law.

Under the Louisiana direct action statute the failure of the insured to notify the insurer of the accident frequently does not constitute a defense in a suit brought by the plaintiff against the insurer alone. The theory of the cases interpreting the Louisiana statute to this effect is that the cause of action of the plaintiff against the insurer is different and separate from his cause of action against the insured. *Jackson* v. *State Farm Mut. Automobile Ins. Co.*, 29 So.2d 177 (La., 1946); *Lumbermen's Casualty Co.* v. *Elbert*, 348 U. S. 48, 99 L. ed. 83; see *Edwards* v. *Royal Indemnity Co.*, 161 So. 191 (La., 1935). But we recently held that the amendment to § 175 of our Insurance Law by Act No. 60, Laws of Puerto Rico, 1952, permitting a suit against the insurer alone, was only procedural and did not, as in Louisiana, create a separate and distinct cause of action against the insurer. *Pérez* v. *Maryland Casualty Co. et al.*, *ante*, p. 453. Since in Puerto Rico the cause of action of the plaintiff against an insurance company continues to be subsidiary and contingent to the liability of the insured to the plaintiff, the rule here, unlike that in Louisiana, is that the lack of a reasonable notice of the occurrence of the accident continues under the proper circumstances to be an adequate

defense by the insurance company. *Faulkner* v. *Nieves*, 76 P.R.R. 407, and cases cited; Annotations, 18 A.L.R.2d 499; 106 A.L.R. 532.[1]

However, the fact that such a defense may still be raised by an insurance company does not dispose of this litigation. What constitutes a reasonable notice depends on the facts of each case. And the Legislative Assembly has clearly evinced its intention by amendments of § 175 to eliminate some of the technical defenses by insurance companies which do not affect the merits of the case. In accordance with this tendency, we stated in the *Faulkner* case at p. 412 that ". . . to escape liability the insurer must show that insured's breach of agreement as by defective notice results in *substantial prejudice* to the insurer. *Conroy* v. *Commercial Casualty Ins. Co.*, 140 Atl. 905, 907." (Italics ours.) See also *Leach* v. *Farmer's Automobile Interinsurance Exch.*, 213 P.2d 920 (Idaho, 1950); *Weller* v. *Cummins*, 47 N.W.2d 612 (Mich., 1951); XV *Revista del Colegio de Abogados de Puerto Rico* 85; Note, 68 Harv. L. Rev. 1436–9 (June, 1955).

We find no such substantial prejudice to the insurance company in this case. "The purpose of the provision requiring the insured to give written notice to the insurance company is to enable the latter to make proper investigation and prepare a proper defense." *Faulkner* v. *Nieves, supra*, p. 411. In many instances this can be effectively done only ". . . while physical results of the accident are still observable at first hand and recollections still fresh . . .". 68 Harv. L.Rev. at 1437. But here fortunately the Army conducted an investigation of the accident promptly after it occurred. The stipulation of facts includes a sworn statement, dated April

---

[1] We are aware that at times this rule operates unjustly to deprive a plaintiff of an otherwise valid cause of action against insurance companies. But whether § 175 should be further modified to establish a doctrine in Puerto Rico akin to the Louisiana rule as to notice and other defenses is a matter for the Legislature—not this Court—to determine.

11, 1951, made by the driver of the Army truck to an Army Investigating Officer which describes how the accident occurred and the personal injuries to the plaintiff resulting therefrom. We have no reason to believe that the investigation of the Army was not full and objective despite the fact that an Army vehicle and personnel were involved. Also, so far as we are aware, both the records of the Army investigation and of the Army hospitals where the plaintiff was treated and confined were available to the insurer. The trial court found on the basis of the stipulated facts and other evidence in the record that the accident was caused by the negligence of the driver of the insured truck. Under these circumstances we cannot agree that the insurer was "substantially prejudiced" by the failure of the insured to notify the company directly within a reasonable time after the accident. And in view of the foregoing, we need not pass on the contention of the plaintiff that the notice of Colón to the broker four days after the accident constituted notice to the insurer on the ground that under the circumstances Colón was the insurance company's agent for that purpose. Compare *Gerber* v. *Fletcher*, 164 Atl. 135 (Pa., 1933), with *Pringle* v. *Aetna Life Ins. Co.*, 101 S. W. 130 (Mo., 1907).

Since most of the facts were stipulated, the plaintiff urges us to enter a judgment for an appropriate amount against the insurance company. We are unable to take this action as Colón was not a party to the stipulation of facts.

The judgment of the Superior Court will be reversed and the case remanded for further proceedings consistent with this opinion.

Mr. Justice Belaval concurs in the result.

## JUDGMENT

San Juan, Puerto Rico, September 26, 1955.

The motion for reconsideration filed by plaintiff on August 26, 1955, having been heard and in view of the report of defendant Porto Rican and American Insurance Co., Inc.

to the effect that it has no objection to the fixing by this Court of a reasonable sum as compensation to plaintiff, and to the rendering of judgment against that company within the limit of its liability under the policy, our judgment of August 15, 1955 is set aside and a new judgment rendered for plaintiff and against defendant Porto Rican and American Insurance Co. for the sum of $9,500, plus costs.

It was so decreed and ordered by the Court as witness the signature of the Chief Justice.

A. CECIL SNYDER,
Chief Justice

I certify:
IGNACIO RIVERA,
Secretary