Edward Joe GRICE, Plaintiff–
Respondent,

v.

MISSOURI PROPERTY INSURANCE
PLACEMENT FACILITY,
Defendant–Appellant.

No. 60502.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 14, 1992.

Richard J. Zalasky, Rabbitt, Pitzer & Snodgrass, St. Louis, for defendant-appellant.

John T. Yarbrough, St. Louis, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Missouri Property Insurance Placement Facility, appeals from a summary judgment in the amount of $14,250 in favor of plaintiff, Edward Joe Grice, in plaintiff's action for breach of an insurance contract. We affirm.

Plaintiff was insured under the FAIR Plan. *See* § 379.810 to 379.880, RSMo (1986). FAIR is an acronym for fair access to insurance requirements. *Wells v. Missouri Property Insurance Placement Facility,* 653 S.W.2d 207, 208 n. 2 (Mo. banc 1983). The purpose of the law is to "make available basic property insurance to persons having property interests in this state who are in good faith entitled to but are unable to procure such coverage through ordinary methods." Section 379.810, RSMo (1986). The FAIR Plan makes it possible to provide insurance to high risk property by spreading the risk among all insurers. *Wells,* 653 S.W.2d at 212.

Plaintiff owned property located at 5903 Cates, St. Louis, Missouri. In 1978, he obtained a policy of insurance covering that property from defendant, through the Webster Groves Insurance Agency. The policy insured plaintiff against, among other things, direct loss by fire to the property.

On November 13, 1984, Webster Groves Insurance Agency sent plaintiff a letter which informed plaintiff that his insurance policy was due to expire on January 29, 1985. The letter stated: "Under the provisions of the Missouri Fair Plan, a completed and signed application must be received a month in advance of the renewal date to allow time for quotes and inspections to be made." The letter further requested that plaintiff complete and return a renewal application by December 13, 1984. Plaintiff did not complete the application by the due date but returned the application by mail on January 29, 1985.

On February 3, 1985, fire damaged the insured property in the amount of $14,250. Plaintiff made a claim in that amount which defendant refused to pay. On Feb-

ruary 8, 1985, defendant sent a notice to plaintiff that his policy would not be renewed.

Plaintiff then brought an action for damages against defendant, alleging, *inter alia*, that the insurance coverage was in force on February 3, 1985, the date of the fire. Plaintiff then filed a motion for summary judgment. *See* Rule 74.04. He claimed that defendant did not comply with the notice provision of § 379.845, RSMo (1986) regarding the cancellation or nonrenewal of FAIR Plan Insurance and, therefore, the coverage remained in effect. The trial court granted the motion, which was submitted on a stipulation of facts, and entered judgment against defendant in the amount of $14,250.[1]

On appeal, defendant contends the letter sent to plaintiff on November 13, 1984, informing the plaintiff that the policy was due to expire was sufficient notice of nonrenewal of the policy. Defendant claims that plaintiff's failure to complete and return the renewal application by the due date caused the policy to expire, thus rendering the property uninsured on the date of the fire.

■ Under the FAIR Plan, mere expiration of a policy is not enough to terminate the coverage of the insured. *Stevenson v. Missouri Property Insurance Placement Facility*, 770 S.W.2d 288, 290 (Mo.App. 1989). Section 379.845 requires that written notice of nonrenewal be given to the insured to terminate the policy. *Id.* at 290. In *Stevenson*, the court rejected the argument that because the policy expired the nonrenewal provisions of § 379.845 were inapplicable. *Id.* at 289. The court held that a policy which expired fifteen months prior to the loss remained in effect and covered the loss, since the insurer did not send a notice of nonrenewal to the insured. *Id.* at 291. The court noted that the statute states "in no uncertain terms, and in mandatory language" that written notice of nonrenewal be given to the insured. *Id.* at 290.

■ Defendant's letter to plaintiff on November 13, 1984 was a notice of expiration of the policy, not a notice of nonrenewal. Had defendant intended the November 13, 1984 letter to serve as a notice of nonrenewal, it would have been superfluous for defendant to send a notice on February 8, 1985 to inform plaintiff that the policy would not be renewed.

Further, the letter failed to comply with the statutory requirements of a nonrenewal notice. Section 379.845 provides in pertinent part:

2. Any notice of cancellation or nonrenewal of a policy ... together with a statement of the reason therefor, shall be sent to the insured. ...

3. Any cancellation or nonrenewal notice to the insured ... shall contain the procedures for obtaining an inspection under the program and shall be accompanied by a statement that the insured has a right of appeal as hereinafter provided.

Thus, pursuant to the statute, a notice of nonrenewal must delineate the following: (1) the reason for nonrenewal; (2) the inspection procedures under the program; and (3) the right to appeal.

Defendant failed to meet the specific requirements needed for a notice of nonrenewal. First, the notice of expiration did not affirmatively state that defendant had decided not to renew plaintiff's policy, let alone give a reason for nonrenewal. On the contrary, the letter led plaintiff to believe the policy would be renewed simply by filling out and returning the enclosed application. Second, the notice of expiration did not give plaintiff information regarding the inspection procedures under the FAIR Plan. The letter did not inform plaintiff that the property must be inspected nor did the letter state the procedures to follow in order to obtain inspection under the program. Finally, the notice of expiration did not inform plaintiff that he had a right to appeal a decision of nonrenewal.

The November 13, 1984 letter to plaintiff was to inform plaintiff that his policy was due to expire, not that Missouri Property

---

1. Webster Groves Insurance Agency, a party defendant below, was dismissed without prejudice by plaintiff after the trial court's entry of summary judgment.

Insurance Placement Facility would not renew his policy. Although plaintiff did not complete and return the application to defendant by the December 13, 1984 due date, it was not enough to terminate insurance coverage under the FAIR Plan. Plaintiff's coverage remained in effect and defendant is liable for the loss in the amount of $14,250.

The judgment of the trial court is affirmed.

GRIMM, P.J., and REINHARD, J., concur.